LULA MAE FULNETTLE v. NORTH AMERICAN MUTUAL INSURANCE COMPANY, a Corporation of the State of Delaware.

(*December* 30, 1946.)

PEARSON, J. sitting.

*William H. Foulk* and *Herbert L. Cobin* for plaintiff.

*Stewart Lynch* (of the firm of Lynch and Herrmann) for defendant.

Superior Court for New Castle County, No. 138, September Term, 1946.

PEARSON, J.

This action was brought by plaintiff, as beneficiary, to recover death benefits under a policy of accident insurance issued by defendant. The insured was plaintiff's daughter. The policy provides that "If the Insured shall sustain bodily injury caused directly, exclusively, and independently of all other causes, through external, violent, unintentional, involuntary and purely accidental means occurring during the term of the policy," defendant will pay a certain sum in the event of loss of life of the insured. In the declaration, it is alleged that the insured, "while alone with her husband at their residence, * * * was feloniously killed by her husband, said killing being accomplished by the stabbing with a sharp instrument and from which stabbing the [insured] * * * died practically instantly." Plaintiff contends that insured's death was within the condition of defendant's undertaking, quoted above. In support of its demurrer, defendant urges that "the declaration shows that plaintiff's insured came to her death by the voluntary and

intentional act of her husband, and, therefore, the policy does not provide a basis of claim against defendant." The question which was argued and which will be decided is whether the injury and resulting death of the insured, occasioned by acts of her husband which were intentional and voluntary on his part, gave rise to a liability of defendant under the policy.

The declaration contains no suggestion that the husband's acts causing the injury were such as should be considered foreseeable, usual or probable consequences of any acts of the insured or that they partook of her intent or volition. Courts of other jurisdictions have held that an "accident" policy providing indemnity for death or injuries sustained through "accidental means" comprehends liability upon the death of the insured occasioned by the intentional act of another, if the injury was not the direct result of misconduct or an assault by the insured but was unforeseen so far as he was concerned, unless the policy excludes such liability. *Davis v. Massachusetts Protective Ass'n.*, 223 *Ky*, 626, 4 *S. W.* 2d 398; *Tabor v. Commercial Casualty Ins. Co.*, 104 *W. Va.* 162, 139 *S. E.* 656, 57 *A. L. R.* 968; *Annotations*: 20 *A. L. R.* 1123, 57 *A. L. R.* 972, 116 *A. L. R.* 396; 29 *Am. Jur.*, p. 732.

Defendant argues that the present policy does exclude such liability. Defendant says that this result follows from giving to the words "through external, violent, unintentional, involuntary and purely accidental means" their normal and usual meaning. It seems to me that the language may, with at least equal justification, be interpreted as referring to the insured's own intent and volition and not to the intent or volition of other persons which he cannot control and which he cannot be expected to foresee. Of the cases cited by either party, the one in which the policy language is most similar to the present is *Davis v. Massachu-*

*setts Protective Ass'n, supra* [223 *Ky.*, 626, 4 *S. W.* 2d 400]. There, a policy insured against loss "results from bodily injury effected directly and independently of all other causes by 'accidental means,' and due solely 'to external, violent, and involuntary causes.'" The court held, among other things, that the killing of the insured should be deemed accidental within the meaning of the policy before it, if, although death resulted from a pistol shot fired intentionally on the part of a third person, there was no agency on the part of the insured in bringing the injury upon himself. The reasoning and conclusion in the Davis case are opposed to defendant's construction.

However, defendant insists that its interpretation is corroborated by language of subsequent provisions of the policy. Typical of these are paragraphs (19) and (20) of so-called "Standard Provisions" and paragraph (15) of so-called "Additional Provisions," which read in part as follows:

"(19) The Company shall not be liable for death, injury incurred, or disease contracted, to which a contributing cause was the Insured's commission of, or attempt to commit, a felony, or which occurs while the Insured is engaged in an illegal occupation.

"(20) The Company shall not be liable for death, injury incurred, or disease contracted while the Insured is intoxicated or under the influence of narcotics unless administered on the advice of a physician.   *   *   *

"(15) Insurance under this policy does not cover any loss or disability directly or indirectly caused by, contributed to, or resulting from (a) Intentionally self-inflicted injuries, suicide or attempt thereat, whether insured is sane or insane, or under the influence of any narcotic or intoxicant; (b) use of any narcotic or intoxicant; (c) or as a con-

sequence of the commission or attempt at commission by the insured of a felony; * * *."

Defendant reasons that the express references to the insured in these provisions and the omission of reference to the insured in the preceding language defining liability (for injury caused "through external, violent, unintentional, involuntary and purely accidental means") indicate that "unintentional" and "involuntary" were not meant to be confined solely to the insured's intent and volition. In the "Standard" and "Additional" provisions themselves, several of the descriptions of circumstances excluding liability are obviously overlapping and even repetitious. Yet, defendant seems to assume in its argument that the circumstances embraced by the language defining liability must all be treated as separate and different from those described in the later provisions. The assumption is not justified. Indeed, the emphasis in the later provisions on acts or conditions *of the insured* furnishes ground for construing the preceding terms as referring to the intent or volition of the insured. The policy, in my view, does not exclude liability for death of the insured under the facts presented here, and following the authorities cited, I conclude that the declaration states a cause of action.

The demurrer should be overruled.