**August T. POHORILY, Plaintiff,**

**v.**

**Richard M. KENNEDY, Samuel W. Murphy, John J. Lafferty, and Insurance Placement Facility of Delaware, a partnership, Defendants.**

Superior Court of Delaware, New Castle.

Sept. 8, 1970.

David Snellenburg, II, of Killoran & VanBrunt, Wilmington, for plaintiff.

William T. Lynam and William G. Campbell, of Bayard, Brill & Handelman, Wilmington, for defendants.

STIFTEL, President Judge.

Defendants move for summary judgment. Motion granted.

Action for damages by plaintiff as owner of a building against individual defendants and the Insurance Placement Facility of Delaware (IPF).[1] The complaint alleges that defendants were negligent in processing plaintiff's application and rate determination of the building at 600 W. 4th Street for fire and extended coverage insurance. The owner's application was dated December 2, 1968 and was received by the Middle Department Association of Fire Underwriters, the agent of IPF on Friday, December 6, 1968. An inspection was made December 11, 1968 and on December 19, 1968 fire damaged the premises. Plaintiff had not heard from IPF regarding his application prior to the fire.

IPF is not a commercial insurance company but a statutory body created under 18 Del.C., Chapter 41. It consists of a pool of all the insurance companies writing fire and extended coverage insurance in Delaware. IPF went into effect November 1, 1968. The purpose of its creation is set forth in 18 Del.C. § 4104. IPF provides a means whereby the urban insurance risks which were being rejected or cancelled by many insurance companies would receive a rate quotation. Applicants of IPF must be unable to obtain insurance in the normal commercial market to be eligible for placement by IPF.

Applicants are entitled to an inspection of their property by representatives of the inspection bureau on request. 18 Del.C. § 4105. After the inspection, rates are then calculated for each risk in accordance with rating schedules approved for IPF. An IPF Bulletin, dated December 17, 1968, and published in Philadelphia, required the rates to be calculated by IPF within ten days of its receipt of the request for inspection. The applicant, his agent or broker, is given a copy of the rate calculation, which must show reasons for any surcharges. If conditions are corrected by applicant, then surcharges may be removed and a new rate calculated. Finally, after the inspection, rating and approval, notification of rate must be forwarded to applicant. The total premium is set out. The applicant then must send the net premium to the facility which will service the policy in the event of loss. IPF may decline to cover properties which it determines to be uninsurable. And, of

1. Delaware Act created as a consequence of federal legislation by the 90th Congress, enacted August 1, 1968, known as

Title 11 "Urban Property Protection and Reinsurance Act of 1968", 82 Stat. 555.

course, applicant may refuse to pay rate set by IPF.

Plaintiff's case rests on the December 17 Bulletin issued in Philadelphia two days before the fire. Specifically, he claims that IPF's carelessness caused his personal loss in its failure to comply with the Bulletin's requirements to its members that the rates be calculated in 10 days of the receipt of the request for inspection. He claims that this Bulletin established the standard of care. The fire occurred thirteen days after the receipt of the application for inspection and eight days after the actual inspection.

Plaintiff implies that the duties of IPF would be similar to or greater than those of a commercial insurance company. In many jurisdictions there is a duty cast on an insurance company to act on an application for insurance within a reasonable time. A violation of this duty subjects the insurance company to liability if damage results. Anno: "Insurance Application—Delay," 32 A.L.R.2d 487, at 511.

Normally, the cases cited in support of liability are based on a firm offer by the applicant accompanied by the first premium and a delay in the acceptance by the company. Annotation, *supra*. Such a delay could lead the applicant to believe he was insured and that he would not have to search further for insurance coverage. Such is not the situation here. The applicant asks for an inspection and rate. He makes no commitment to accept insurance at the rate quoted. Approval of an acceptable rate by IPF may only be the beginning of negotiations by the applicant. The applicant for inspection and rate can in no way believe he has coverage before he accepts the rate. Any liability for failure to act must be left to the Legislature which created IPF. The applicant has a right to complain to the Insurance Commissioner if his application is not being processed expeditiously and in accordance with the internal directives as

set forth in Bulletin of December 17. 18 Del.C. § 4111. In any event, the plaintiff in this case could not have relied on the 10 day time set forth in the bulletin when he applied since the bulletin was published eleven days after he applied and two days before the fire.

Defendants' motion granted.

It is so ordered.