239 So.2d 144 (1970)
SWISS NATIONAL INSURANCE COMPANY, U.S.A., Appellant,
v.
Frank MARTORELLA, Appellee.
No. 69-582.
District Court of Appeal of Florida, Fourth District.
September 11, 1970.
James A. Smith, of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellant.
R.T. Shankweiler, of Patterson, Maloney & Frazier, Fort Lauderdale, for appellee.
McDONALD, PARKER LEE, Associate Judge.
The Appellant-Defendant, Swiss National Insurance Company, U.S.A., a Florida insurance corporation, appeals a judgment entered against it in favor of Defendant-Appellee Frank Martorella. The judgment was entered subsequent to the trial judge granting a summary at pretrial conference on the issue of liability.
In this action Martorella claimed damages against Swiss National Insurance Company for its failure to defend a prior suit brought against Martorella by one John A. Cline. Although Martorella prevailed in the action, he incurred attorneys fees and costs. Swiss claimed that it had no duty to defend Martorella because Martorella had not given the company *145 notice of the incident as soon as practicable, that the occurrence was caused by Martorella's intentional acts, and that the occurrence arose out of the insured's business pursuits which pursuits were excluded from policy coverage.
Swiss had issued to Martorella and his wife a home owner's policy which provided coverage for Martorella's personal liability. The policy contained exclusions however, which provided that no coverage existed to the insured for "bodily injury or property damage caused intentionally by or at the direction of the insured" and did not apply "to any business pursuits of the insured, except under coverages E and F, activities therein which are ordinarily incident to non business pursuits". The policy also provided that when an occurrence takes place written notice shall be given as soon as practicable.
The first notice that Swiss had of any occurrence was a receipt of the complaint brought by Cline some 5 1/2 months after the alleged incident. This complaint alleged an intentional and malicious assault by Martorella against Cline on a construction site where both the Plaintiff and Defendant were performing duties. No coverage was afforded Martorella for the intentional acts complained of in this complaint and the request to defend was refused. Approximately 9 months thereafter, however, Cline amended his complaint by adding a count in which he contended that Martorella negligently pushed Cline causing him injuries.
The trial judge, in entering his summary judgment found as a matter of law that the insurance company had a duty to defend Martorella from the time of the amended complaint. He found, based upon the record, that Martorella had given notice as soon as practicable. When delayed notice is demonstrated, as here, prejudice to the insurer is presumed. If the insured can demonstrate that the insurer has not been prejudiced by late notice the insurer will not be relieved of liability merely by showing that notice was not given as soon as practicable. Tiedtke v. Fidelity & Casualty Company of New York, Fla. 1969, 222 So.2d 206; Deese v. Hartford Accident and Indemnity Company, Fla. App. 1967, 205 So.2d 328; Sea Shore Motel Corp. v. Fireman's Fund Ins. Co., Fla.App. 1970, 233 So.2d 651. This is a factual determination. The record which the trial judge had in this instance failed to demonstrate an absence of conflict of material fact or conclusions that could be drawn therefrom on these issues.
The trial judge also found that the pleadings and case filed established that the acts complained of by Cline were those "ordinarily incident to non business pursuits" and therefore excluded from the exclusions. Admittedly an intentional assault is ordinarily incident to a non business pursuit, but as previously been indicated, this count was excluded under another provision of the policy. A factual dispute exists however, on whether or not a claim of negligence for pushing a worker on the same job as the Defendant is an occurrence ordinarily incident to a non business pursuit. The Defendant should be afforded an opportunity to determine whether the facts show that the insurance company would have the benefit of the principles set forth in Berry v. Aetna Casualty & Surety Co., La. App. 1969, 221 So.2d 272, where under a somewhat similar factual circumstance the exclusion was held to exist. On the other hand, the facts may ultimately place the incident within the finding of the case of State Farm Fire & Cas. Co. v. National Union F. Ins. Co., 1967, 87 Ill. App.2d 15, 230 N.E.2d 513, wherein the incident was classified as an activity ordinarily incident to non business pursuit with the result that the exclusionary provision did not come into play.
We feel the record was not sufficient for the trial judge to make the findings that he made and accordingly the final judgment *146 entered in favor of Frank Martorella is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
CROSS, C.J., and WALDEN, J., concur.