249 So.2d 79 (1971)
John P. BROWN and Cheryl Lee Brown, Surviving Minor Children of John E. Brown, Deceased, by and through Their Next Friend and Guardian, Vera B. Johnson, and Vera B. Johnson, Individually, and As Administratrix of the Estate of John E. Brown, Appellants,
v.
The LIFE INSURANCE COMPANY OF VIRGINIA, a Corporation, Appellee.
No. O-313.
District Court of Appeal of Florida, First District.
June 8, 1971.
Olliff, Horner & Meers, for appellants.
Carl M. Stewart, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
RAWLS, Judge.
Appellants, who are contingent beneficiaries of accidental death insurance policies, appeal a judgment of dismissal with prejudice of their third amended complaint.
The sole point on appeal as restated by appellee is: Whether appellants, as contingent beneficiaries, are the real parties in interest and whether they have status to bring suit for recovery of the proceeds under the insurance policies where the primary beneficiary survives the insured.
Material allegations of the complaint, which are admitted, are:
1. The plaintiffs are the surviving mother and surviving children of the named insured, John E. Brown.
2. That contracts of insurance were issued by defendant to John E. Brown naming the plaintiffs as contingent beneficiaries.
3. That one of the plaintiffs, Vera B. Johnson, paid the premiums in connection with the issuance of said policies of insurance.
4. That defendant is not willing to pay the proceeds to any of the named beneficiaries and has denied liability to the primary beneficiary "on account of these policies."
5. The primary beneficiary under the insurance policies in question was the wife of the insured.
Appellee contended, and apparently convinced the trial court, that an insured does not die as a result of accidental means if the primary beneficiary unlawfully kills him. Such contention is not compatible with established judicial precedents. As reflected by the admitted allegations of *80 the complaint, the insurance company agreed to pay to the insured's named beneficiaries certain sums if the insured met his demise by accidental means. The authorities uniformly hold that a death under the circumstances alleged is an accidental death. American Jurisprudence 2d states:[1]
"In the absence of any policy provision on the subject,[2] it is a well-established rule that where an insured is intentionally injured or killed by another, and such injury or death is not the result of misconduct or an assault by the insured, but is unforeseen insofar as he is concerned, the injury or death is accidental within the meaning of an accident insurance policy, and the insurer is liable." (Emphasis supplied.)
Among the numerous cases cited as authority for the above statement is that of Fulnettle v. North American Mutual Insurance Company,[3] wherein the Delaware Supreme Court held that an accident policy providing for certain payments if the insured should sustain bodily injuries caused[4] "through external, violent, unintentional, involuntary and purely accidental means" covers the death of the insured, who was killed when her husband intentionally stabbed her, since the phrase refers to the intent or volition of the insured. The same principle of law is stated in Corpus Juris Secundum[5] as:
"The unprovoked death of, or injury to, the insured while quarreling or fighting with another, or by being shot by such other, under circumstances from which the insured has no reason to anticipate such a result, is within the coverage of the policy, except to the extent that it is excluded by a proviso in the policy."
So, the authorities overwhelmingly sustain appellant's position that the instant insured died as the result of an accident and appellee insurance company is liable.
But, says the insurance company, "All rights to the proceeds inure to the primary beneficiary and those of the contingent beneficiary are lost forever unless the primary beneficiary is disqualified", and cites Lake v. New York Life Insurance Company,[6] and Re Fenner's Estate[7] in support of this assertion. Lake apparently involved a factual situation similar to the instant case, for the Court observed, "It is also well established that no forfeiture may be worked with respect to a policy by reason of a charge against the primary beneficiary involving criminal negligence only. Indeed, the carrier has been willing to make payment in a sum twice the amount of the principal amount of the insurance and has in fact deposited such a sum to the credit of this action. In all the circumstances the plaintiff and primary beneficiary is entitled to judgment and the motion is granted accordingly." The holding in Lake is threefold: (1) A primary beneficiary is not disqualified from collecting the proceeds of an insurance policy upon the life of decedent when the death involves criminal negligence only. (2) Under such circumstances, the secondary beneficiary has no status as a suitor. (3) The insurance company is liable for the payment of such proceeds.
Re Fenner's Estate involved a factual circumstance where the primary beneficiary *81 died prior to exercising the power of appointment over the insurance proceeds. The Supreme Court of Utah in construing the provisions of the contract of insurance noted the principle of law that "where a beneficiary survives the insured, however short the length of time may be between the death of the insured and that of the beneficiary, the rights of a `contingent' beneficiary are lost, and that upon the death of the insured, the benefits immediately become due to the surviving principal beneficiary." However, the Court, after making the foregoing statement held that although the primary beneficiary survived the insured, since she failed to exercise the power of appointment, a provision of the policy vested the remainder of the insurance proceeds in the contingent beneficiaries. Thus, the two cases, upon which appellant principally relies, hold that the insurance company is liable for the payment of the proceeds of the insurance policy to either the primary or contingent beneficiary.
Appleman's Insurance Law and Practice, an authoritative treatise regarding insurance questions, devotes Chapter 20, entitled "Killing of Insured by Beneficiary", to the question, stating: "It has uniformly been held that a beneficiary under a contract of personal insurance who murders the insured cannot recover the policy benefits. * * * It is not the result in all events, that the insurer is absolutely relieved of all liability where the insured is murdered. In the average case, it is not, subject to exceptions examined in the next section."[8] Appleman further states: "There are, however, three exceptions to that rule; three situations in which the insurer is absolutely relieved of all liability under the contract. They are as follows: 1. Where the policy was procured by the beneficiary intending at the time the insurance was secured to murder the insured; 2. Where the policy specifically makes the contract entirely void in such contingency; 3. If there are no heirs other than the beneficiary who has produced the insured's death * * * And, if a life insurance policy names both a primary and a secondary beneficiary and the primary beneficiary wilfully kills the insured, the proceeds are payable to the secondary beneficiary, not to the insured's estate."[9]
It is of special interest that as authority for the last quoted statement, Appleman cited the case of Life Insurance Company of Virginia v. Cashatt.[10] The same insurance company involved in that case is the appellee in the instant cause. In Cashatt, the Court in a well reasoned opinion (citing Carter v. Carter, supra) held that the proceeds of a life policy were payable to insured's children, who were contingent beneficiaries, rather than insured's estate, where insured's wife, principal beneficiary, had shot and killed insured and had been convicted of voluntary manslaughter.
We hold that the trial judge erred in dismissing the third amended complaint, and remand, with directions that said complaint be reinstated and the cause proceed in accordance with the views expressed herein.
Reversed and remanded.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] 44 Am.Jur.2d, Insurance, § 1247; also see Annotations in 20 ALR 1123, 57 ALR 972, 116 ALR 396.
[2] The instant policy does not exclude death intentionally inflicted by another person.
[3] Fulnettle v. North American Mut. Ins. Co., 4 Terry 505, 43 Del. 505, 50 A.2d 614.
[4] The instant policy provides: "Upon receipt at its Home Office of due proof that the Insured * * * dies as the result, directly and independently of all other causes, of accidental bodily injuries * * * the Company will, pay * *"
[5] 45 C.J.S. Insurance § 788.
[6] Lake v. New York Life Insurance Co., Sup., 194 N.Y.S.2d 1006 (1959).
[7] Re Fenner's Estate, 2 Utah 134, 270 P.2d 449 (1954).
[8] 1A Appleman, Insurance Law and Practice, § 381 (Beneficiary's Rights). Also see Carter v. Carter, 88 So.2d 153 (Fla. 1956), in which Florida adopted the rule that a beneficiary "who unlawfully and intentionally takes the life of the insured thereby disqualifies himself to receive the proceeds of the insurance policy."
[9] 1A Appleman, Insurance Law and Practice, § 382 (Insurer's Liability). [Note: None of these stated contingencies are existent in the case sub judice.]
[10] Life Insurance Company of Virginia v. Cashatt, D.C., 206 F. Supp. 410 (1962).