PER CURIAM.
Appellant, plaintiff in the trial court, appeals from a summary judgment in favor of the appellee, Providence Washington Insurance Company.
The plaintiff filed a personal injury action, as a result of an automobile accident, against Jose Bana as the alleged tort fea-sor, and also named the appellee insurance company as a defendant as the liability carrier for Bana. After the taking of depositions, the insurance carrier moved for a summary judgment contending that its insured [Bana] refused to cooperate and therefore it was prejudiced and was entitled to deny coverage, citing Tiedke v. Fidelity and Casualty Company of New York, Fla.1969, 222 So.2d 206; Swiss Na *42 tional Insurance Company v. Martorella, Fla.App.1970, 239 So.2d 144, to which the trial court agreed and entered the summary judgment under review.
It is apparent from this record that there is a bona fide dispute as to cooperation by the insured with the insurance carrier, which might excuse coverage on the part of the carrier if it has been prejudiced by such failure of cooperation. However, we do not believe that this record establishes sufficiently, for the purpose of a summary judgment, that the carrier has been prejudiced by such failure of cooperation.
Therefore, we reverse the summary judgment in favor of the insurance carrier and return the matter to the trial court with directions [if moved for] to grant severance to the carrier on the issue of coverage, pursuant to Stecher v. Pomeroy, Fla.1971, 253 So.2d 421.
Reversed and remanded, with directions.