## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

### Fairy Belle JOHNSON et al.

Supreme Court of Delaware.

April 10, 1974.

---

Before CAREY and DUFFY, JJ., and MARVEL, Vice-Chancellor.

## SUPPLEMENTAL OPINION

CAREY, Justice:

We have held, in our earlier opinion, 315 A.2d 585, that the insured had not notified State Farm of the accident "as soon as practicable," as required by the policy, and that this was a breach of the policy provision set forth above. We granted further argument on the issue here discussed. We are now asked by appellees to hold that our prior finding does not resolve the issue of whether the carrier is freed from liability on its policy, in the absence of some showing that the breach caused the insurer's interest to be prejudiced. This is a question of first impression in this Court.[1]

We have carefully reviewed the cases in other jurisdictions which have considered the question of whether prejudice to the insurer is material, and we find that they are by no means in agreement. There exists authority to support each of the irreconcilable positions which we are asked to adopt; moreover, even those jurisdictions which have reached a conclusion similar to the present one have followed dissimilar lines of reasoning. See 18 A.L.R.2d 443. We believe that the proper answer to the question is found in those cases which express the view that an insured's breach of the notice provision, without prejudice to the insurer, will not relieve the company of its liability under the contract. See Aetna Cas. & Sur. Co. v. Martin Bros. Contain. Timber Pr. Corp., 256 F.Supp. 145 (D.C.Or.1966) (applying Ohio law); Swiss National Insurance Company v. Martorella, 239 So.2d 144 (Fla.App.1970); Henderson v. Hawkeye-Security Insurance Company, 252 Iowa 97, 106 N.W2.d 86 (1960); Cooper v. Government Employees Ins. Co., 51 N.J. 86, 237 A.2d 870 (1968). Some authorities suggest that the likelihood of prejudice caused by delayed notice is an element to be considered in determining the "reasonableness" of any delay in giving notice, when the test for timeliness is indeed the "reasonableness" test. E.G., Wendel v. Swanberg, 384 Mich. 468, 185 N.W.2d 348 (1971). We think, however, that the question of prejudice must be considered independent-

1. It was not decided by Lilly v. Ohio Casualty Insurance Company, 234 F.Supp. 53 (D.C. Del.1964), as State Farm suggests. In another recent case, Bradford, Inc. v. Travelers Indemnity Company, Del.Super., 301 A.2d 519 (1972), the Superior Court relied upon the ruling below in this case.

ly, even though the insured may have failed to notify his insurer as soon as practicable. Only when the delay is inexcusable is there any reason to consider possible prejudice. Cooper v. Government Employees Ins. Co., *supra*.

There can be no doubt that the purpose of a notice provision is to protect an insurance company from any prejudice resulting from an inordinate lapse of time between an accident and the company's awareness thereof. The question of prejudice is, therefore, paramount.

▮ Although some jurisdictions continue to describe insurance contracts as agreements to which the parties have voluntarily bound themselves with knowledge of strict policy provisions, we now follow New Jersey's lead in recognizing " . . . that the terms of an insurance policy are not talked out or bargained for as in the case of contracts generally, that the insured is chargeable with its terms because of a business utility rather than because he read or understood them, and hence an insurance contract should be read to accord with the reasonable expectations of the purchaser so far as its language will permit." Cooper v. Government Employees Ins. Co., *supra*, 237 A.2d at 873.[2] It is an adhesion contract, not a truly consensual agreement. Moreover, we are herein concerned with what is in reality a possible forfeiture. As was said in *Cooper, supra,* at 873: " . . . [A]lthough the policy may speak of the notice provision in terms of 'condition precedent,' . . . nonetheless what is involved is a forfeiture, for the carrier seeks, on account of a breach of that provision, to deny the insured the very thing paid for. This is not to belittle the need for notice of an accident, but rather to put the subject in perspective."

Therefore, we hold that when an insured fails in his burden of proving compliance with the notice condition, before any forfeiture can result, the insurer has the burden of showing that it has thereby been prejudiced.[3] It is this element of forfeiture which distinguishes the instant case from Apotas v. Allstate Insurance Company, Del.Supr., 246 A.2d 923 (1968); Novellino v. Life Insurance Company of North America, Del.Supr., 216 A.2d 420 (1966); and Chelly v. Home Insurance Company, Del.Super., 285 A.2d 810 (1971), aff'd., Del.Supr., 293 A.2d 295 (1972), cited by State Farm, and therefore those cases are inapposite. Those cases deal with the existence or non-existence of coverage for a certain type of loss; the present case involves a loss or forfeiture with respect to a risk which was undeniably within the policy's coverage. Bradford, Inc. v. Travelers Indemnity Company, *supra,* is of course overruled.

The case is remanded for proceedings consistent with this opinion.

2. The appellee contends that the Cooper decision was based upon a New Jersey statute. We do not so understand it.

3. Some jurisdictions require the insured to show that his insurer was not prejudiced, holding that prejudice will be presumed from the delayed notice. We disagree with that line of cases. It seems both more practicable and more equitable to require the insurer to establish prejudice.