**Ralph T. MEGEE, Plaintiff
below, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, and Vertex Insurance Agency, Inc., a Delaware Corporation, and Chandler T. McEvilly, Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted April 18, 1978.

Decided July 18, 1978.

Clement Wood, of Allmond and Wood, Wilmington, for appellant.

Frederick W. Iobst, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee United States Fidelity and Guaranty Co.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for appellees Vertex Insurance Agency and Chandler T. McEvilly.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this action for recovery of disability insurance benefits, the plaintiff appeals from the Superior Court's grant of summary judgment for the defendants.

## I.

On May 14, the plaintiff, a self-employed contractor, filed an application for disability income insurance with the defendant United States Fidelity and Guaranty Company (USF&G). The agent through whom the plaintiff filed the application was the defendant Chandler T. McEvilly, an agent of the defendant Vertex Insurance Agency, Inc. of Newark, Delaware (Vertex). The plaintiff did not choose to remit the premium at the time because Vertex could not assure the plaintiff that he would qualify for coverage at the desired level under USF&G's standard of eligibility. The plaintiff preferred to withhold the first premium until he knew the specific amount of benefits provided by the policy.

The application was received in the Philadelphia office of USF&G on May 20 and forwarded to its home office in Baltimore where it was received May 21. A credit investigation of the plaintiff was completed May 25 and a physical examination of the plaintiff was conducted on June 1 at plaintiff's convenience. Thereupon, a policy was issued, dated June 1. The policy was sent from the Baltimore office to the Philadelphia office of USF&G on June 2, and received there on June 4. It was received by Vertex in Newark on Saturday, June 5.

On that same day, June 5, the plaintiff was accidentally injured and has been unable to work ever since. Upon learning on Monday, June 7, that the plaintiff was injured, McEvilly asked USF&G for instructions. USF&G directed McEvilly not to deliver the policy and not to accept the first premium. On June 10, the plaintiff mailed a check for the first premium, but it was returned uncashed on June 30, with a letter declining coverage.

The plaintiff brought an action against USF&G for breach of contract and negligent failure to deliver the policy, and an action against Vertex and McEvilly for negligent failure to forward the application to USF&G and negligent failure to deliver the policy to the plaintiff. The Superior Court granted the defendants' motion for summary judgment holding that, as a matter of law, no contract existed and there was no negligence on the part of the defendants. The plaintiff appeals.

## II.

■ The plaintiff contends that the Trial Court erred in granting summary judgment for the defendants upon the ground that there was no contract for insurance in existence at the time of the accident.

Under the plaintiff's theory, the policy was in effect at the time of the injury because it had been constructively delivered to him on the morning of June 5th in that it had been delivered to the agent McEvilly, at that time, with no condition precedent to delivery, the advance payment of the premium having been waived, and the first premium having been tendered later in accordance with the terms of the application.

We find no error in the Trial Court's conclusion that no contract was in existence at the time of the accident. Immediately above the plaintiff's signature on the application, the following appeared:

"It is agreed that USF&G's liability shall only be as specified in the policy, A&H 1381, applied for, beginning (a) when the policy is issued and full first policy premium paid during the lifetime of and while the health of the person(s) proposed for insurance is as here described on the policy date, or (b) if the premium is paid with this application, as specified in the conditional receipt."

Manifestly, neither condition set forth for the commencement of USF&G's liability

was met in the instant case: no premium was paid with the application; nor was the first full premium proffered while the health of the plaintiff was the same as on June 1, 1977.

It is contended by the plaintiff that 18 *Del.C.* § 2710(a) * barred consideration of the application as evidence since no application was attached to the policy sent to Vertex for delivery to the plaintiff. USF&G filed an affidavit that the original application was attached to the policy. This affidavit was not controverted by the plaintiff. Uncontroverted evidence offered in support of a motion for summary judgment must be accepted as true. *Frank C. Sparks v. Huber Baking Co.*, Del.Supr., 96 A.2d 456 (1953). Accordingly, there was no error in the Trial Court's finding that the application was attached and in its consideration of the application as evidence in deciding the motion.

The plaintiff further contends that the contract for insurance should have been interpreted in accordance with his reasonable expectations, citing *State Farm Mutual Automobile Insurance Co. v. Johnson*, Del. Supr., 320 A.2d 345 (1974). Such reasonable expectations, according to the plaintiff, were that the policy became effective when the credit check and physical examination were completed and approved, and not when the premium was paid. Assuming, *arguendo*, the applicability of *State Farm* to the instant facts, in view of the clear language of the application which he signed and presumably read, regarding payment of premium, we are of the opinion that the plaintiff's asserted expectations were unreasonable.

The plaintiff also contends that the Trial Court erred in granting summary judgment because there was a substantial issue of fact as to whether McEvilly, as an agent of USF&G, waived payment of the first premium in advance, binding USF&G by the principle of apparent agency.

We find the record supports the Trial Court's conclusion that McEvilly made no such representation and that there is no substantial issue of fact relative thereto.

\* \* \* \* \* \*

For these reasons, we find no reversible error in the Trial Court's decision on the contract facet of the summary judgment.

### III.

On the negligence facet of the case, the plaintiff contends that the defendants were negligent in not processing the application within a reasonable time.

The cases allowing recovery for violation of the duty to act upon an application for insurance within a reasonable time generally involve payment of the first premium with the application. See *Anno.*, "Insurance Application—Delay", 32 A.L.R.2d 487 at 511. The rationale is that the insurance company has received consideration and has a duty to act promptly; that acting otherwise would prejudice the defendant because he would believe he is insured and not seek insurance elsewhere. E. g., *Pohorily v. Kennedy*, Del.Super., 269 A.2d 240 (1969). Such is not the situation here. Because no premium had been paid by the plaintiff under the explicit terms of the application, neither USF&G nor Vertex had a duty to act within a time certain. Moreover, delay created by compiling information as to an applicant's health and other material facts cannot be considered unreasonable delay, 43 Am.Jur.2d *Insurance* § 215, especially where, as here, the physical examination was scheduled to suit the convenience of the plaintiff.

Thus, it is clear that the Trial Court was correct in finding no negligence as a matter of law on the part of the defendants.

Affirmed.

---

\* 18 *Del.C.* § 2710(a) provides:

"(a) No application for the issuance of any life or health insurance policy or annuity contract shall be admissible in evidence in any action relative to such policy or contract, unless a true copy of the application was attached to or otherwise made a part of the policy or contract when issued. This provision shall not apply to industrial life insurance policies."