**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MEDICAL DEPOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N15C-04-133 EMD CCLD |
| v. | ) | |
| | ) | |
| RSUI INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING RSUI INDEMNITY COMPANY'S MOTION FOR REARGUMENT

Upon consideration of RSUI Indemnity Company's Motion for Reargument (the "Motion") filed by Defendant RSUI Indemnity Company ("RIC") on October 6, 2016; Plaintiff Medical Depot, Inc.'s Answer to Defendant RSUI Indemnity Company's Motion for Reargument (the "Answer") filed by Plaintiff Medical Depot, Inc. ("Medical Depot") on October 13, 2016; the legal arguments made in the Motion and the Answer; *Medical Depot, Inc. v. RSUI Indem. Co.*, C.A. No. N15C-04-133, 2016 WL 5539879 (Del. Super. Sept. 29, 2016) (the "Opinion"); the entire record of this civil action; and the Court having determined that a hearing on the Motion is not necessary, the Court finds and holds as follows:

1. Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument within 5 days after the filing of the Court's order or decision.[1] The standard for a Rule 59(e) motion is well defined under Delaware law.[2] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[3]

---

[1] Super. Ct. Civ. R. 59(e).
[2] *See, e.g., Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).

Motions for reargument should not be used merely to rehash the arguments already decided by the Court,[4] or to present new arguments not previously raised.[5] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[6]

2.      After reviewing the Motion, the Court finds that RIC fails to demonstrate how the Court: (i) overlooked precedent or legal principles that would have controlling effect, or (ii) misapprehended the law or the facts such as would affect the outcome of the Opinion. The one new Delaware case RIC uses in the Motion, *Hallowell v. State Farm Mut. Auto. Ins. Co.*,[7] does not present an overlooked precedent or legal principle that would have a controlling effect here. Indeed, *Hallowell* discussed the same controlling precedent utilized by the Court in the Opinion – *State Farm Mut. Auto. Ins., Co. v. Johnson.*[8]

3.      The Court also did not misapprehend the law as it relates to the doctrine of "reasonable expectations." The Court did not find the terms of the Policy or Renewal Policy to be ambiguous. Moreover, the Court neither rewrote the Policy or Renewal Policy nor ignored those policies' clear and certain terms. Instead, the Court applied all of the unambiguous terms of the Policy and the Renewal Policy to avoid the "hidden trap or pitfall" that would be created by the purely technical reading RIC advanced.[9]

---

[4] *Id.*
[5] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003)(holding that a motion for reargument is not a device for raising new arguments or stringing out the length of time for making argument), *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[6] *Plummer*, 2004 WL 63414, at *2.
[7] 443 A.2d 925, 927 (Del. 1982).
[8] 320 A.2d 345, 347 (Del. 1974). *Compare Hallowell*, 443 A.2d at 926-7 *with Medical Depot, Inc.*, 2016 WL 5539879, at *11, nn. 81-3.
[9] *See, e.g.*, *Medical Depot, Inc.*, 2016 WL 5539879, at *12. ("The Court must read the Policy's relevant provisions as a whole and not focus on any one single provision in isolation.").

4. The Court finds that the rest of the Motion revisits arguments already raised by the parties and decided in the Opinion. Paragraphs 2, 3 and 4 of the Motion rehash arguments and issues addressed by the Opinion regarding the applicability of *Homsey Architects, Inc. v. Harry David Zutz Ins., Inc.*,[10] and cases from other jurisdictions that RIC believes the Court should follow. In other words, RIC would have the Court revisit this part of the Opinion. However, as stated above, motions for reargument should not be used merely to rehash the arguments already decided by the Court.[11]

**IT IS HEREBY ORDERED** that RSUI Indemnity Company's Motion for Reargument is **DENIED**.[12]

Dated: January 6, 2017
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

cc: Jamie L. Edmonson, Esq.
Daniel A. O'Brien, Esq.
James W. Semple, Esq.
R. Grant Dick, IV, Esq.

---

[10] 2000 WL 973285 (Del. Super. May 25, 2000).
[11] *Woodward,* 2001 WL 1456865, at *1.
[12] Medical Depot seems to be asking for its own "reargument" regarding the Court's decision on the record concerning prejudice. The Court notes that, procedurally, this issue has not been properly put before the Court. The parties are to contact the Court to set up a status conference regarding open issues remaining in this civil action.