## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THERESA REID | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | N18C-05-039 EMD |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, and GEICO GENERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER DENYING DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO SUPERIOR COURT CIVIL RULE 56(C) OR MOTION FOR DECLARATORY JUDGMENT PURSUANT TO SUPERIOR COURT CIVIL RULE 57 AND 10 *DEL. C.* § 6502**

Upon consideration of the Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment Pursuant to Superior Court Civil Rule 56(c) or Motion for Declaratory Judgment Pursuant to Superior Court Civil Rule 57 and 10 *Del. C.* § 6502 (the "Motion") filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"); the Plaintiff Theresa Reid's Response Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment ("Reid's Response") filed by Plaintiff Theresa Reid; Defendant GEICO General Insurance Company's Response to State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment ("GEICO's Response") filed by GEICO General Insurance Company ("GEICO"); the entire record of this civil proceeding, the Court has determined that no hearing is necessary on the Motion, Reid's Response and GEICO's Response.

The Court finds that genuine issues of material fact exist and that State Farm is not entitled to judgment as a matter of law. Accordingly, the Motion is **DENIED**.

## I. RELEVANT FACTS

Ms. Reid and Dennis Haley are engaged to be married. Ms. Reid and Mr. Haley reside together at 40 Huntley Circle, Dover, Delaware.

Ms. Reid owned a 1999 Ford Taurus. Ms. Reid used GEICO as her insurance company. Mr. Haley owned a 2013 Jeep Grand Cherokee. Mr. Haley used State Farm as his insurance company.

On November 20, 2014, Mr. Haley was test-driving a car he did not own. Ms. Reid was in the car with Mr. Haley. Mr. Haley got into an accident. In that accident, Ms. Reid was injured.

Ms. Reid made Personal Injury Protection ("PIP") claims against both GEICO and State Farm. State Farm and GEICO have denied coverage. As such, Ms. Reid filed this civil action.

The relevant State Farm policy (the "Policy") qualifies an Insured as:

1. any person while occupying or injured in an accident as a pedestrian by your car or a newly acquired car, if registered in Delaware; and
2. you or any member of your household while occupying or injured in an accident as a pedestrian by any other land motor vehicle designed for use on public highways which IS NOT:
   a. OPERATED ON RAILS OR TRACKS; OR
   b. OWNED BY OR FURNISHED FOR THE REGULAR USE OF YOU OR ANY MEMBER OF YOUR HOUSEHOLD.

The Policy further defines "Member of your household" as "(1) members of your immediate family who have no separate household; and (2) persons who reside with and are economically dependent upon you." The Policy does not define "immediate family."

The Policy also provides that "This coverage does not apply to a member of your household if a policy covering a vehicle owned by him provides such benefits."

2

## II.  PARTIES CONTENTIONS

State Farm makes two arguments.  First, State Farm contends that Ms. Reid is not an "insured" for purposes of the Policy because Ms. Reid does not qualify as a member of Mr. Haley's immediate family that resides with him.  Second, State Farm claims that, even if Ms. Reid is a member of Mr. Haley's immediate family residing with him, Ms. Reid maintains insurance coverage with GEICO that provides her with PIP benefits.

GEICO and Ms. Reid basically make the same argument.  These parties contend that questions of fact exist as to whether Ms. Reid is an immediate family member residing with Mr. Haley.  Moreover, these parties both note that GEICO has denied coverage so a question of fact exists as to whether Ms. Reid has insurance coverage that provides her with PIP benefits.

## III. APPLICABLE LAW

### A.    CIVIL RULE 56

The standard of review on a motion for summary judgment is well-settled.  The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[1] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2]  If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[3]  The moving party bears

---

[1] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[2] *Id.*
[3] *See Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

the initial burden of demonstrating that the undisputed facts support his claims or defenses.[4]  If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[5]

**B.    INSURANCE CONTRACT INTERPRETATION**

Insurance policies "are construed as a whole, to give effect to the parties' intentions."[6]  In other words, the Court is to interpret the insurance policy through a reading of all of the relevant provisions of the contract as a whole, "and not on any single passage in isolation."[7]  Moreover, an interpretation that gives effect to all the terms of an insurance policy is preferable to any interpretation that would result in a conclusion that some terms are uselessly repetitive.[8]  The Court is also to interpret an insurance policy in a manner that does not render any provisions "illusory or meaningless."[9]

Where the language of an insurance policy is "clear and unambiguous, the parties' intent is ascertained by giving the language its ordinary and usual meaning."[10]  Ambiguous insurance policy language is construed in the insured's favor—*i.e.*, under the doctrine of *contra proferentem*, the language of an insurance policy must be construed most strongly against the insurance company that drafted the policy.[11]  This is because

---

[4] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[5] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[6] *AT&T Corp. v. Faraday Capital Ltd.*, 918 A.2d 1104, 1108 (Del. 2007). *See also AIU Ins. Co. v. Superior Court,* 729 P.2d 1253, 1264 (Cal. 1990).
[7] *O'Brien v. Progressive Northern Ins.*, 785 A.2d 281, 287 (Del. 2001). *See also Safeco Ins. Co. of America v. Robert S.*, 28 P.3d 889, 894 (Cal. 2001) ("When reasonably practical, contracts are to be interpreted in a manner that makes them reasonable and capable of being carried in effect[.]").
[8] *O'Brien,* 785 A.2d at 287. *See also Safeco Ins. Co. of America,* 28 P.3d at 894.
[9] *O'Brien,* 785 A.2d at 287 (quoting from *Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1183 (Del. Super. 1992)). *See also Safeco Ins. Co. of America,* 28 P.3d at 894.
[10] *Faraday Capital Ltd.*, 918 A.2d at 1108. *See also AIU Ins. Co.*, 729 P.2d at 1264–65.
[11] *O'Brien*, 785 A.2d at 288; *see also Weiner v. Selective Way Ins. Co.*, 793 A.2d 434, 440 (Del. Super. 2002); *AIU Ins. Co.*, 729 P.2d at 1264–65.

insurance contracts are contracts of adhesion.[12]  An insurance policy is ambiguous when the provisions at issue "are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[13]  An insurance policy is not ambiguous merely because the parties do not agree on the proper construction.[14]

Coverage language is interpreted broadly to protect the insured's objectively reasonable expectations.[15]  Exclusionary clauses, on the other hand, are "accorded a strict and narrow construction."[16]  Even so, courts will give effect to exclusionary language where it is found to be "specific," "clear," "plain," "conspicuous" and "not contrary to public policy."[17]  The Court also recognizes that case law exists that permits judicial application of the reasonable expectation doctrine to fulfill an insured's expectations even where those expectations contravene the unambiguous, plain meaning of exclusionary clauses.[18]

## IV. DISCUSSION

The Court agrees with Ms. Reid and GEICO that, after viewing the record in a light most favorable to Ms. Reid, genuine issues of material fact exist and State Farm is not entitled to judgment as a matter of law.  The Court finds that "Member of your household"—defined in the

---

[12] *See State Farm Mut. Auto. Ins. Co. v. Johnson*, 320 A.2d 345, 347 (Del. 1974) (holding that an insurance contract is "an adhesion contract, not a truly consensual agreement."). *See also J.C. Penney Cas. Ins. Co. v. M.K.*, 804 P.2d 689, 694, n. 9 (Cal. 1991) ("The premise of the strict-construction rule is that an insurance policy is an adhesion contract drafted by the insurer[.]").

[13] *Weiner,* 793 A.2d at 440*; see also Waller v. Truck Ins. Exchange, Inc.*, 900 P.2d 619, 627 (Cal. 1995).

[14] *O'Brien*, 785 A.2d at 288; s*ee also Waller,* 900 P.2d at 627 ("Courts will not strain to create an ambiguity where none exists.").

[15] *AT&T Corp. v. Clarendon Am. Ins. Co.*, 2006 WL 1382268, at *9 (Del. Super. April 25, 2006), *rev'd in part on other grounds*, *AT&T Corp. v. Faraday Capital Ltd.*, 918 A.2d 1104 (Del. 2007). *See also Safeco Ins. Co. of America,* 28 P.3d at 893.

[16] *AT&T Corp.,* 2006 WL 1382268, at *9; s*ee also E.M.M.I. Inc. v. Zurich American Ins. Co.,* 84 P.3d 385, 389 (Cal. 2004).

[17] *Id.*; *see also MacKinnon v. Truck Ins. Exchange,* 73 P.3d 1205, 1213 (Cal. 2003).

[18] *Id.* at *9, n. 123 (citing and reviewing cases that utilized the "reasonable expectation doctrine").

5

Policy as "(1) members of your immediate family who have no separate household; and (2) persons who reside with and are economically dependent upon you…"—is a fact specific inquiry appropriate for the jury. The term "immediate family" is fairly susceptible to different interpretations. Delaware law favors reading coverage broadly to protect an insured's objectively reasonable expectations. State Farm chose not to further define "immediate family."[19] Under Civil Rule 56, therefore, the term should be read broadly in the insured's favor. The factfinder could (or could not) find that a fiancé living with Mr. Haley qualifies as a member of Mr. Haley's household. The Court finds that, under the specific facts presented, there is a question of fact as to whether Ms. Reid qualifies as an "Insured" under the Policy.

The Court finds there is a question of fact as to whether GEICO will provide benefits to Ms. Reid. The record, as developed, demonstrates that both State Farm and GEICO have denied PIP benefits to Ms. Reid. If GEICO prevails at trial, then Ms. Reid will not be a member of Mr. Haley's household that has a policy that provides her with PIP benefits. The question then will be whether Ms. Reid is a member of Mr. Haley's immediate family who has no separate household

## V. CONCLUSION

For the reasons set forth above, the Court shall **DENY** the Motion.

June 18, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: FileAndServeXpress

---

[19] Compare "immediate family" with the term "resident relative" in the Policy. The Policy further defines "resident relative" as individuals who are "related to [the] named insured or his or her spouse by blood, marriage, or adoption…" The Policy does not further define the term "immediate family."