DOUGLAS CAMPBELL as beneficiary of decedent, Margaret Campbell, Plaintiff Below-Appellant,
v.
STONEBRIDGE LIFE INSURANCE COMPANY, Defendant Below-Appellee.
No. 382, 2008.
Supreme Court of Delaware.
Submitted: November 14, 2008.
Decided: February 10, 2009.
Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 10th day of February 2009, it appears to the Court that:
(1) Plaintiff-Appellant Douglas Campbell ("Campbell") appeals from the Superior Court's grant of summary judgment in favor of Defendant-Appellee Stonebridge Life Insurance Company ("Stonebridge"). Campbell contends that the court erred in granting summary judgment because he presented evidence sufficient to create a material question of fact regarding whether he is entitled to benefits under his mother's accidental death insurance policy. We find no merit to his argument and affirm.
(2) In 1990, Margaret Campbell (the "Decedent") obtained a group accident insurance policy from Stonebridge that provided for accidental death and dismemberment benefits. The policy called for a payment of benefits to the beneficiary if the insured was injured "while Occupying a Private Passenger Automobile...." The Decedent's son, Douglas Campbell, was the sole beneficiary under this policy.
(3) Campbell claims that the Decedent sustained injuries in an undocumented single motor vehicle accident that occurred on October 12, 2003, in or around Ajijic, Chapala, Jalisco, Mexico, while the Decedent was a passenger in a private automobile. During this accident, Campbell claims that the Decedent's head was forced against the dashboard and/or window of the vehicle and that, as a result of this head trauma, she suffered cerebral bleeding which led to cerebral ischemia, and ultimately, her death two months later on December 11, at age 84.[1]
(4) Campbell timely filed a claim for benefits with Stonebridge in compliance with the policy; however on July 7, 2004, Stonebridge mailed Campbell a letter denying his claim. The denial was based on the assertion that the Decedent's injuries which lead to her death were not the result of an accident directly and independently of all other causes as required by the policy. The death certificate from Mexico listed the type of death as "natural".
(5) On June 19, 2007, Campbell filed a complaint in the Superior Court seeking general and punitive damages against Stonebridge for failing to pay the benefits as required by the policy. During discovery, Campbell was unable to produce an accident report, medical records, or diagnostic reports linking the Decedent's death to injuries sustained in a motor vehicle or other type of accident. Additionally, on May 22, 2008, the court precluded Campbell from designating expert testimony after Campbell failed to identify any medical experts before the court's April 30, 2008 deadline. In opposition to summary judgment, Campbell provided only three documents: the Decedent's death certificate, as well as a Proof of Death/Statement of Attending Physician form and a letter signed by Juan Manuel Aceves Mariscal, M.D. At the arbitration hearing, Campbell admitted that neither the Proof of Death form nor the letter was actually written by Dr. Aceves, who speaks and writes very little English.
(6) On June 13, 2008, Stonebridge moved for summary judgment alleging that Campbell failed to provide evidence supporting the fact that the October 2003 accident caused the Decedent's death and that, therefore, Campbell was unable to prove he was entitled to receive benefits under the policy. On June 30, 2008, the Superior Court granted Stonebridge's motion, noting that Campbell had produced no admissible evidence that an accident was the proximate cause of the death that would establish an issue of fact for the jury. This appeal followed.
(7) We review a trial court's decision on a motion for summary judgment de novo, applying the same standard as the trial court.[2] We must determine "whether the record shows that there is no genuine material issue of fact and the moving party is entitled to judgment as a matter of law."[3] When the evidence shows no genuine issues of material fact in dispute, the burden shifts to the non-moving party to demonstrate that there are genuine issues of material fact in dispute that must be resolved at trial.[4] If there are material facts in dispute, it is inappropriate to grant summary judgment and the case should be submitted to the fact finder.
(8) Campbell contends that the Superior Court erred in finding that he could not establish that the accident was the proximate cause of the Decedent's death, thereby invoking the benefit payments under the policy. Campbell assets that the Decedent's death certificate in conjunction with Dr. Aceves's statement about the cause of the Decedent's death is sufficient evidence to create a material question of fact as to whether Decedent's death qualifies for benefits under the policy.
(9) To collect benefits under an insurance policy, the plaintiff bears the burden of proving that his claim is covered by the policy.[5] Here, the Decedent had an accidental death insurance policy which provided benefits for certain injuries sustained in an accident. The "DEFINITIONS" section of the policy reads, in pertinent part:
LOSS means loss of life....
INJURY means bodily injury caused by an accident occurring while the insurance is in force resulting:
1. within 365 days after the date of the accident; and
2. directly and independently of all other causes,
In any Loss covered by the policy.
INJURED means having suffered an injury.
The "COVERAGE" section of the policy provides for benefits only when a "Covered Person" is "Injured," resulting in a "Loss" under the policy, i.e., an accident that results in the death of a covered person. The policy provides accidental death benefits for travel by common carrier, by private passenger automobile, and for "all other injuries resulting in a loss." Reading the COVERAGE section together with the DEFINITION section, it is apparent that the beneficiary is entitled to benefits only for a death "caused by an accident ... directly and independently of all other causes." Thus, under this policy, in order to receive benefits, Campbell has the burden of proving, inter alia, that the Decedent's death resulted from an accident.[6]
(10) "The natural import and plain meaning of [insurance policy] language, `bodily injury caused directly by accident, independent of all other causes ...' is a reference to the operative means through which an accident in the more general sense occurs."[7] Here, the policy language "caused by an accident ... directly and independently of all other causes," is synonymous with what Delaware courts have defined as proximate cause.[8] Accordingly, in order to survive a motion for summary judgment, Campbell must demonstrate through competent evidence the existence of a material issue of fact.
(11) Generally, the issue of proximate cause is normally one for the jury.[9] Borrowing from tort principles, it is permissible for a plaintiff to make a prima facie case that a defendant's conduct was a proximate cause of the plaintiff's injuries based upon an inference from the plaintiff's competent evidence, if such a finding relates to a matter which is within a lay person's scope of knowledge.[10] However, if the matter in issue is one within the knowledge of experts only, and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a prima facie case.[11] Where the question of proximate cause requires an understanding and analysis of issues beyond the ken of the typical jury, the absence of such expert testimony will preclude the issue from ever reaching the jury.[12]
(12) As this Court explained in Mazda Motor Corp. v. Lindahl,[13] "the forces of [a motor vehicle] accident and the corresponding injuries they would produce ... are not subjects with which the members of a jury are familiar."[14] Thus, without any medical expert to testify as to the proximate cause of the Decedent's injuries and her eventual death, there was no evidence that a reasonable jury could rely upon in order to evaluate the cause of the Decedent's death. Campbell has not appealed the order precluding expert testimony in this case. His counsel candidly acknowledged before the Superior Court "I have no defense to the motion." Without a medical expert, Campbell cannot establish that the Decedent's death was caused by or resulted from the alleged motor vehicle accident, "directly and independently of all other causes," and cannot make a prima facie case for entitlement to benefits under the policy. Accordingly, the Superior Court correctly found that Campbell lacked the requisite expert testimony to make a prima facie case linking the cause of the Decedent's death (cerebral ischemia and septic shock) to the alleged accident.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Death Certificate, which is written in Spanish, lists the causes of death (or "causa(s) de la muerta") as "shock septico" and "isquemia cerebral," which the parties agree is translated to "septic shock" and "cerebral ischemia."
[2] Berns v. Doan, 961 A.2d 506, 510 (Del. 2008) (citing Williams v. Geier, 671 A.2d 1368, 1375 (Del. 1996)); Grabowski v. Mangler, 956 A.2d 1217, 1220 (Del. 2008).
[3] Berns, 961 A.2d at 510 (quoting Williams, 671 A.2d at 1375).
[4] Grabowski, 956 A.2d at 1220; Moore v. Sizemore, 405 A.2d 679, 681 (Del. 1979).
[5] E.I. du Pont de Nemours & Co. v. Admiral Ins. Co., 1996 WL 111133, at *1 (Del. Super. Ct. Feb. 22, 1996); State Farm Fire & Cas. Co. v. Hackendorn, 605 A.2d 3, 7 (Del. Super. Ct. 1991); accord New Castle County v. Hartford Accident & Indem. Co., 933 F.2d 1162, 1181 (3d Cir. 1991), abrogated on other grounds by N. Ins. Co. of N.Y. v. Aardvark Assoc. Inc., 942 F.2d 189 (3d Cir. 1991). See generally 19 RONALD ANDERSON, COUCH ON INSURANCE 2D § 79:315 (M. Rhodes rev. ed. 1983)).
[6] Prudential Ins. Co. of Am. v. Gutowski, 113 A.2d 579, 585 (Del. 1955); Lum v. Nationwide Mut. Ins. Co., 1979 WL 195347, at *2 (Del. Super. Ct.).
[7] Chelly v. Home Ins. Co., 285 A.2d 810, 813 (Del. Super. Ct. 1971), aff'd 293 A.2d 295 (1972).
[8] See Chudnofsky v. Edwards, 208 A.2d 516, 518 (Del. 1965) ("Most simply stated, proximate cause is that direct cause without which the accident would not have occurred.").
[9] Mazda Motor Corp. v. Lindahl, 706 A.2d 526, 533 (Del. 1998).
[10] Money v. Manville Corp. Asbestos Disease Comp. Tr. Fund, 596 A.2d 1372, 1375 (Del. 1991).
[11] Id.
[12] Mazda Motor Corp., 706 A.2d at 533.
[13] 706 A.2d 526, 533 (Del. 1998).
[14] Id. ("Thus, the jurors required the assistance of expert testimony in order to reach a reasoned conclusion on the issue of proximate cause.") (citing Curtis v. Gen. Motors Corp., 649 F.2d 808 (10th Cir. 1981)).