MUSTAFA WHITFIELD, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 167, 2009.
Supreme Court of Delaware.
Submitted: July 10, 2009.
Decided: September 29, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
Myron T. Steele, Chief Justice
This 29th day of September 2009, upon consideration of the briefs of the parties, the Superior Court record, and the appellant's notice of appeal filed on March 26, 2009, it appears to the Court that:
(1) On March 26, 2009, the appellant, Mustafa Whitfield, filed an appeal from the Superior Court's February 23, 2009 denial of his motion for new trial and March 17, 2009 denial of his "motion to reconsider." The Court has concluded that it has no jurisdiction to consider the appeal from the February 23, 2009 order, and that the appeal from the March 17, 2009 order is without merit.
(2) Whitfield was convicted in February 2004 of several offenses. On direct appeal, this Court affirmed Whitfield's convictions.[1] In 2005, the Court affirmed the Superior Court's denial of Whitfield's motion for postconviction relief.[2]
(3) On February 14, 2009, Whitfield filed a motion for new trial. The Superior Court denied the motion by order dated and docketed on February 23, 2009.
(4) On March 13, 2009, Whitfield filed a motion asking that the Superior Court "reconsider" the February 23, 2009 decision. By order dated March 17, 2009, the Superior Court considered the "motion to reconsider" as a motion for reargument and denied the motion as untimely. This appeal followed.
(5) Superior Court procedural rules provide that a motion for reargument must be filed within five days of the filing of the order that is sought to be reargued.[3] The Superior Court has no authority to consider an untimely motion for reargument.[4]
(6) The Court has reviewed Whitfield's "motion to reconsider." It is clear to the Court that the Superior Court properly characterized the motion as one for reargument of the February 23, 2009 order. As such, the motion had to be filed on or before March 2, 2009, i.e., within five days of the February 23, 2009 order. Because Whitfield did not file the motion until March 13, 2009, the Superior Court had no authority to consider it.
(7) Whitfield's untimely motion for reargument also did not toll the jurisdictional time period for filing a notice of appeal.[5] Thus, Whitfield's appeal of the February 23, 2009 order had to be filed on or before March 25, 2009.[6] Because Whitfield did not file the appeal until March 26, 2009, the Court has no jurisdiction to consider it.
(8) Although the Court does not have jurisdiction to consider Whitfield's appeal of the February 23, 2009 order denying his motion for new trial, the Court does have jurisdiction to consider Whitfield's appeal from the March 17, 2009 order denying his "motion to reconsider." In that respect, however, the Court concludes that the appeal is unavailing in view of the Superior Court's proper denial of Whitfield's "motion to reconsider" as an untimely motion for reargument.
NOW, THEREFORE, IT IS ORDERED that Whitfield's appeal from the Superior Court's order of February 23, 2009 is DISMISSED. IT IS FURTHER ORDERED that the Superior Court's order of March 17, 2009 is AFFIRMED.
NOTES
[1] Whitfield v. State, 867 A.2d 168 (Del. 2004).
[2] Whitfield v. State, 2005 WL 3439710 (Del. Supr.).
[3] See Del. Super. Ct. Crim. R. 45(a) (excluding Saturdays, Sundays and legal holidays). Del. Super. Ct. Civ. R. 59(e); Del. Super. Ct. Crim. R. 57(d).
[4] Preform Bldg. Components, Inc. v. Edwards, 280 A.2d 697, 698 (Del. 1971).
[5] Brooks v. State, 2008 WL 5250269 (Del. Supr.) (citing McDaniel v. DaimlerChrysler Corp., 860 A.2d 321, 323 (Del. 2004)).
[6] See Del. Supr. Ct. R. 6(a) (providing for thirty-day appeal period).