**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

RYAN M. JARRELL,           )
                                  )
      Defendant-Below,     )
      Appellants,         )
                                  ) I.D. No. 1408001556
      v.                  )
                                  )
STATE OF DELAWARE,     )
                                  )
      Plaintiff-Below,      )
      Appellee.          )

## ORDER

On this 28th day of September, 2015, and on Appellant Ryan M. Jarrell's ("Jarrell") appeal from the Court of Common Pleas, the Court finds:

1. On August 2, 2014, Jarrell was arrested for Failure to Remain in Lane, Possession of Marijuana with an Aggravating Factor, and Driving Under the Influence of Drugs. On March 4, 2015, the trial court conducted a suppression hearing, where it determined that the officer had probable cause to arrest Jarrell for suspicion of Driving Under the Influence. At the conclusion of the suppression hearing, the case proceeded with a non-jury trial. The trial court found Jarrell guilty of Failure to Remain in Lane, Possession of Marijuana with an Aggravating Factor, and Driving

2

Under the Influence of Drugs.  The trial court sentenced Jarrell on March 4, 2015.

2. On March 13, 2015, Jarrell, through his trial counsel, filed a Motion for Reargument and to Stay Sentence in the Court of Common Pleas.  On March 25, 2015, Jarrell, through his trial counsel, filed his Notice of Appeal in the Superior Court.

3. Superior Court Criminal Rule 39(a) requires that "[a]ll appeals to Superior Court shall be taken within 15 days from the date of sentence, unless otherwise provided by statute."[1]  Pursuant to Superior Court Criminal Rule 39(h), an appeal may be dismissed "for lack of jurisdiction or for failure to comply with statutory requirement or rule or order of this court."[2]  When an appeal is untimely, the Court lacks jurisdiction to hear the appeal on its merits and the appeal should be dismissed.[3]

4. An untimely Motion for Reargument will not toll the time to file an appeal.[4]  The Court of Common Pleas applies Court of Common Pleas Civil Rule 59(e) at the time requirement for motions for reargument in criminal proceedings, as there is no specific rule in the Court of Common

---

[1] Super. Ct. Crim. R. 39(a).
[2] Super. Ct. Crim. R. 39(h).
[3] *State v. Reid*, 1988 WL 90563, *2 (Del. Super. Jul. 19, 1988) (dismissing the State's appeal for lack of jurisdiction by failing to meet the time requirements.).
[4] *Walls v. State*, 2008 WL 1778243, *1 (Del. Apr. 21, 2008).

Pleas Criminal Rules.[5]  Under Court of Common Pleas Civil Rule 59(e), "a motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."[6]  The Delaware Supreme Court has consistently dismissed untimely appeals where it also found the motion for reargument was untimely filed, because the untimely motion for reargument failed to toll the time for an appeal.[7]

5. In this case, Jarrell's appeal fails because it was filed more than 15 days after the sentence was ordered.  The trial court sentenced Jarrell on March 4, 2015.  An appeal from the trial court's decision must have been filed by March 19, 2015.  Jarrell did not file his notice of appeal in the Superior Court until March 25, 2015, which is 21 days after the trial court sentenced him.

6. Moreover, Jarrell's motion for reargument that he filed with the trial court does not toll the time for filing his appeal in this Court because Jarrell's motion for reargument was also untimely.  The motion for reargument must have been filed by March 11, 2015, which is 5 days from the trial court's sentence, excluding the weekend.  Jarrell did not file his motion for reargument until March 13, 2015.  Thus, Jarrell's motion for reargument was also untimely.  Jarrell does not provide any

---

[5] *State v. Kelsch*, 2015 WL 1022189, *1 (Del. Com. Pl. Mar. 10, 2015).
[6] Ct. Com. Pl. Civ. R. 59(e).
[7] *See Walls*, 2008 WL 1778243, at *1; *Whitfield v. State*, 981 A.2d 1174 (TABLE) (Del. 2009).

case law or legally cognizable argument for the untimely filing of his motion for reargument.

7. Jarrell's motion for reargument was untimely. It then follows that the untimely filing of Jarrell's motion for reargument did not toll the time for Jarrell's appeal. Accordingly, this Court concludes that Jarrell's appeal of his convictions in the Court of Common Pleas must be dismissed on jurisdictional grounds. For these reasons, Jarrell's appeal from the Court of Common Pleas' March 4, 2015 decision is **DISMISSED.**

**IT IS SO ORDERED.**

/s/Calvin L. Scott
**Judge Calvin L. Scott, Jr.**