IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL LAINE,                      :
                                    :    C.A. No. K15C-12-008 WLW
            Plaintiff,              :    Kent County
                                    :
      v.                            :
                                    :
SPEEDWAY, LLC,                      :
                                    :
            Defendant.              :


Submitted: September 23, 2016
Decided: October 13, 2016


**ORDER**

Upon Defendant's Motion for Summary Judgment.
*Denied.*


Nicholas H. Rodriguez, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware, attorney for Plaintiff.

Jessica T. Tyler, Esquire of Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware; attorney for Defendant.


WITHAM, R.J.

Before the Court is Defendant Speedway, LLC's motion for summary judgment and Plaintiff Michael Laine's memorandum in opposition. Oral argument was heard on the motion on September 23, 2016. In resolving the Defendant's motion, the Court need only decide one issue: whether the continuing storm doctrine bars the Plaintiff's claim. Because there may remain triable issues of fact for the jury, the motion is denied without prejudice to Defendant's right to refile at the close of discovery.

**FACTS**

Around five in the morning on January 10, 2014, employee Jessica Lorilla arrived to work at the former Hess gas station and convenience store at 31 North Dupont Highway in Dover, now owned by Speedway LLC.[1] At 6:07 a.m., the weather station at Dover Air Force Base reported a trace amount of "unknown precipitation" followed by, beginning at 6:43 a.m., a trace amount of light rain.[2] By 7:00 a.m., just before the Plaintiff arrived, Lorilla observed slippery outside conditions and reported them to her supervisor.[3] According to weather records supplied by the Plaintiff and his deposition testimony, rain, mist, drizzle, and

---

[1] Lorilla Dep. 13:14–23.

[2] Pl.'s Resp. Opposing Def.'s Mot. for Summ. J., Ex. 4. The Defendant's motion attached similar climatological data without any kind of certification. *See* D.R.E. 902(4). A motion for summary judgment must be supported by either the documents enumerated in Superior Court Civil Rule 56(c) or other "competent evidence." *See Campbell v. Stonebridge Life Ins. Co.*, 966 A.2d 347 (Table), 2009 WL 315687, at *2 (Del. Feb. 10, 2009). The Defendant's unauthenticated exhibit is thus disregarded.

[3] Speedway LLC's Answers to Pl.'s Interrogs. No. 38.

occasional fog continued through the rest of the day.[4]

Around 7:15 a.m., the Plaintiff stopped to fuel a shuttle bus owned by his employer at the Hess station. As the Plaintiff stepped out of the bus, he slipped on the ice, fell backwards, and struck his head and upper body on the stairs of the shuttle bus, injuring himself.

## THE PARTIES' CONTENTIONS

The Defendant argues that, as a matter of law, it acted reasonably by waiting until the storm ended to clear the accumulated snow and ice. It bases this argument on both the continuing storm doctrine and its contention that "[i]t is undisputed that Plaintiff . . . slipped and fell on ice that accumulated during an ongoing weather event."[5]

The Plaintiff responds that there was no "storm" at the time of his fall because (1) his employer allowed him to provide rides to elderly disabled clients throughout the morning and the rest of the day, (2) a Speedway employee observed icy conditions prior to the Plaintiff's fall, (3) the Capital School District remained open, and (4) climatological data shows that the temperature reached thirty-two degrees at 6:20 a.m. and remained above freezing for the rest of the day. In the alternative, he requests additional time to produce evidence that there was no "storm" at the time of the fall, because the discovery cutoff is not until January 11.

---

[4] Pl.'s Resp. Opposing Def.'s Mot. for Summ. J., Ex. 4; Laine Dep. 28:21–32.

[5] Def. Speedway LLC's Mot. for Summ. J. ¶ 5.

## STANDARD OF REVIEW

Summary judgment will be granted when, viewing all of the evidence in a light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[6] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[7] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[8]

## DISCUSSION

The continuing storm doctrine was first announced in Delaware by the Superior Court in *Young v. Saroukos*.[9] While landowners have an affirmative duty to keep premises safe from the hazards of ice- and snow-related accumulation, "a business establishment, landlord, carrier, or other inviter . . . is permitted to await the end of a storm and a reasonable time thereafter to remove ice and snow from an outdoor

---

[6] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Benge v. Davis*, 553 A.2d 1180, 1182 (Del. 1989)); *see also* Super. Ct. Civ. R. 56(c).

[7] Super. Ct. Civ. R. 56(c).

[8] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797, 802 (6th Cir. 1957)).

[9] 185 A.2d 274, 282 (Del. Super. 1962), *aff'd*, 189 A.2d 437 (Del. 1963).

entrance walk, platform, or steps."[10]

In deciding, at summary judgment, whether the continuing storm doctrine is applicable, a court need not engage in a fact-intensive consideration of "the type, length, and intensity of the storm."[11]

In *Cash v. East Coast Property Management, Inc.*, the Supreme Court held that the trial court had properly granted summary judgment to a defendant-landowner. In that case, the landowner showed the existence of an ongoing storm through deposition testimony and weather reports. The storm consisted of a "misty drizzle" that continued throughout the day.[12] The court noted the absence of any evidence that the storm had ended, and reasoned that an assertion that the storm was minor was unavailing to the plaintiff.[13] The Court further pointed out that the trial court in another case had found the precipitation on that date was sufficient to invoke the continuing storm doctrine.[14]

In contrast, this Court in *Buchanan v. TD Bank, N.A.* denied without prejudice a defendant-landowner's motion for summary judgment.[15] In that case, only two weeks had passed since the Court had entered its scheduling order. In support of its

---

[10] *Cash v. E. Coast Prop. Mgmt., Inc.*, 7 A.3d 484 (Table), 2010 WL 4272925, at *2 (Del. Oct. 29, 2010) (quoting *Young*, 185 A.2d at 282).

[11] *Id.* at *3.

[12] *Id.*

[13] *Id.*

[14] *Id.* (citing *Morris v. Theta Vest, Inc.*, No. 08C-06-030, 2009 WL 693253, at *2 (Del. Super. Mar. 10, 2009)).

[15] No. K15C-12-020, 2016 WL 3621102, at *1 (Del. Super. June 28, 2016).

motion, the defendants provided an excerpt of the plaintiff's deposition testimony as well as meteorological records. The plaintiff responded in opposition by noting that the defendants and their employees had not yet been deposed.[16] The Court denied the motion for summary judgment without prejudice, finding that there was an outstanding factual question as to the weather conditions at the time of the accident.

Here, like in *Cash*, weather data and deposition testimony have been presented from both the Plaintiff and Defendant showing that there was an ongoing precipitation event that began before the Plaintiff fell and continued through the rest of the day.

In response to the evidence submitted by the Defendant, however, the Plaintiff invites the Court to consider inferences that may be drawn from the evidence he has submitted. For example, the Plaintiff argues that the Court may infer, from the fact that Modern Maturity Center and the Capital School District remained open, that the storm was too minor to trigger the doctrine's application. Such facts, standing alone, may not warrant such an inference–a storm may cause sufficiently slippery surfaces to invoke the doctrine without shutting down a community's schools and transportation networks. But the reality remains that, as in *Buchanan*, the Plaintiff has theorized remaining questions of fact that may well preclude summary judgment.

While Delaware courts have often resisted parties' invitation to require trial courts to engage in such fact-intensive inquiries when determining the availability of

---

[16] Pl.'s Opp'n Resp. to Defs.' Mot. for Summ. J. ¶ 1, *Buchanan*, 2016 WL 3621102 (Del. Super. June 28, 2016) (No. K15C-12-020), Dkt. No. 47.

the continuing storm doctrine,[17] here, several months remain before the close of discovery. Given the Court's strong preference for determinations on the merits,[18] it seems appropriate to give the parties additional time to discover evidence relating to the weather at the time of the incident.

## CONCLUSION

The parties shall have additional time to conduct discovery regarding the weather conditions at the time of the Plaintiff's fall. The Defendant's motion is thus **DENIED** without prejudice to Defendant's right to refile at the close of discovery.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[17] *Cash*, 2010 WL 4272925, at *3.

[18] *See, e.g., Wilson v. Wilson*, No. 04C-03-031, 2005 WL 147942, at *2 (Del. Super. Jan. 14, 2005).