# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
        v. )
)
ANTHONY WILLIAMS, )
)
        Defendant. )

I.D. No. 1804003122

## ORDER

Submitted: August 16, 2021
Decided: October 29, 2021

***Upon Defendant's Motion for Reargument***
**DENIED**

***Upon Defendant's Motion to Recuse***
**DENIED**

Before this Court is a motion for reargument and a motion to recuse this judge filed by Defendant Anthony Williams (hereinafter "Mr. Williams").[1] For the reasons set forth below, both of Mr. Williams's motions are **DENIED**.

### I. Motion for Reargument

1. On December 17, 2018, following a jury trial in this Court, Mr. Williams was found guilty of two counts of Rape in the Fourth Degree. He was sentenced on February 28, 2019. Mr. Williams appealed to the Delaware Supreme Court, which affirmed the convictions.[2] On March 19, 2021, Mr. Williams filed an untimely motion for postconviction relief, which this Court "summarily dismissed

---

[1] The motions are in the form of a letter dated August 13, 2021. D.I. 102.
[2] *Williams v. State*, 224 A.3d 1204, 2020 WL 388431, at *6 (Del. Jan. 22, 2020) (TABLE).

as procedurally barred pursuant to Superior Court Criminal Rule 61(i)(1)"[3] in an order dated August 2, 2021.[4] On August 16, 2021, Mr. Williams filed the current motions.[5]

2. In Delaware, there is no specific criminal rule governing motions for reargument.[6] Superior Court Criminal Rule 57(d) provides for the application of the Superior Court Civil Rules when no criminal rule is controlling.[7] Hence, Superior Court Civil Rule 59(e) applies to Mr. Williams's motion for reargument concerning the Court's Order of August 2, 2021, denying postconviction relief.[8]

3. In *Colon v. State*,[9] the Delaware Supreme Court stated the timeliness requirements for motions for reargument:

> The Superior Court procedural rules provide that a motion for reargument must be served and filed within five days of the filing of the

---

[3] Super. Ct. Crim. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . .").

[4] D.I. 97. Mr. Williams's motion for postconviction relief was required to be filed within one year of February 10, 2021, the date the Supreme Court mandate was issued following denial of his appeal.

[5] D.I. 102.

[6] Mr. Williams styles his request as a "Response to Post Conviction Relief Motion. . . . asking the Court to rehear this motion." D.I. 102. Under this Court's rules, Mr. Williams' submission is, in part, a motion for reargument. *See Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) (TABLE) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of [this Court's] findings of fact and conclusions of law."); *accord* Whitfield v. State, 981 A.2d 1174, 2009 WL 3111680, at *1 (Del. Sept. 29, 2009) (TABLE) (characterizing motion to reconsider as motion for reargument).

[7] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule . . . the court shall regulate its practice in accordance with the applicable Superior Court civil rule. . . .").

[8] *Samuel*, 2010 WL 3245109, at *1 (applying Superior Court Civil Rule 59(e) to a criminal motion for reargument of the Court's Order); *accord Dickens v. State*, 852 A.2d 907, 2004 WL 1535814, at *1 (Del. June 25, 2004) (TABLE).

[9] 962 A.2d 916, 2008 WL 5533892 (Del. Nov. 13, 2008) (TABLE).

order that is sought to be reargued.  The Superior Court has no authority to extend the time in which to move for reargument.[10]

4.	Here, as mentioned *supra*, the Court issued the Order on August 2, 2021.  Therefore, any motion for reargument was required to be filed no later than August 9, 2021. The Court received Mr. Williams's motion, which was dated August 13, 2021, on August 16, 2021. Thus, the motion for reargument was untimely by several days.  Because Mr. Williams's motion for reargument was untimely, this Court has no jurisdiction to consider it.[11]

## II.	Motion to Recuse this Judge

5.	Mr. Williams asserts in his motion to recuse that "[u]nder Due process of the law Judges are to excuse [sic] themselves when the Court on which the Judge sits is asked to rule on the merits of a petition by a defendant when the Judge had helped to prosecute [sic]."[12]  For this assertion, he relies upon the United States Supreme Court's decision in *Williams v. Pennsylvania*.[13]  There the Court found that an appellate judge, who as a district attorney had given approval to seek the death

---

[10] *Id.* at *1 (citing, *inter alia*, Superior Court Civil Rule 59(e) (providing that a motion for reargument must be filed within five days of filing of Court's decision);  Superior Court Civil Rule 6(a) and Superior Court Criminal Rule 45(a) (excluding intermediate Saturdays, Sundays and legal holidays in computation of time); and Superior Court Civil Rule 6(b) (providing that the Court has no discretion to extend time for taking action under Superior Court Civil Rule 59(e))); *accord Samuel*, 2010 WL 3245109, at *1 ("In the Superior Court, a motion for reargument must be filed within five days of the filing of the order that is sought to be reargued.  If a motion for reargument is untimely filed, the motion cannot be considered by the Superior Court." (internal quotations and footnotes omitted))).

[11] *See Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (concluding that this Court, "in fact, had no jurisdiction to consider" substance of an untimely motion for reargument (citing *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971))); *Brooks v. State*, 2008 WL 5250269, at *1 (Del. Dec. 18, 2008) ("It is well-settled that the Superior Court has no jurisdiction to consider an untimely motion for reargument.").

[12] D.I. 102.

[13] 136 S.Ct. 1899 (2016).

penalty against the defendant, had violated due process by not recusing himself in the decision to reinstate the defendant's death sentence.[14]

6. Here, this judge has neither been a prosecutor in the State of Delaware nor at any point "prosecute[d]" Mr. Williams. Moreover, this judge's first contact with Mr. Williams was during his jury trial. This judge has had subsequent contacts with Mr. Williams that relate only to his duties as a judge, *e.g.*, presiding over Mr. Williams's contested violation of probation hearing held on September 16, 2021. Unlike in *Williams*, this judge did not assist in the prosecution of Mr. Williams at any point and has served only as an impartial arbiter of justice.

7. Mr. Williams second argument is that "even if [he] can't prove actual bias defendant [sic] are intitled [sic] to have Judges recuse themselves when circumstances suggest that the probability that a Judge is actually biased, is [too] high to be constitutionally tolerable."[15] For this assertion he cites to the United States Supreme Court's decision in *Rippo v. Baker*.[16] In *Rippo*, the trial judge had been a target of a bribery investigation that was being conducted by the district attorney's office, which was the same office prosecuting the defendant.[17]

8. Under Delaware law, when there is an allegation of perceived bias or prejudice by the judge presiding over the proceeding, that judge must engage in a two-part subjective and objective analysis, established in *Los v. Los*,[18] to determine whether he or she is disqualified from hearing the case.

---

[14] *Id.* at 1905.
[15] D.I. 102
[16] 137 S. Ct. 905, 907 (2017) (finding "[r]ecusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable").
[17] *Id.* at 906.
[18] 595 A.2d 381, 383 (Del. 1991).

**A. The *Los* Test.**

9.     Under *Los*, "[t]he first step requires the judge to be subjectively satisfied that she [or he] can proceed to hear the cause free of bias or prejudice."[19] Even if the judge determines that he or she is free of bias, "the second step requires the judge to examine objectively whether the circumstances require recusal because there is an appearance of bias sufficient to cause doubt as to the judge's impartiality."[20]   "Under the objective portion of the test, for the judge to be disqualified, 'the alleged bias or prejudice of the judge "must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.""[21]

10.     To support a request for disqualification, a petitioner must "specifically allege[] facts clearly showing that the trial judge should be disqualified."[22]  In *Weber v. State*,[23] the Delaware Supreme Court refused to find that disqualification by the trial judge was required where the defendant "did not point to any incident . . . to support a claim of bias."[24]  "In the absence of genuine bias, a litigant should not be permitted to 'judge shop' through the disqualification process."[25]

**B. Application of the *Los* Test to this Case.**

**1.  Subjective Analysis**

11.     Under the first prong of the *Los* test, this judge has no feelings of bias or prejudice for or against Mr. Williams.  This judge unequivocally believes that he

---

[19] *Gattis v. State*, 955 A.2d 1276, 1281 (Del. 2008) (quoting *Jones v. State,* 940 A.2d 1, 18 (Del. 2007)).
[20] *Id.* (quoting *Jones*, 940 A.2d at 18).
[21] *Id.* at 1282 (emphasis in original) (quoting *Los*, 595 A.2d at 384 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))).
[22] *Matter of Abdul-Akbar*, 567 A.2d 418 (TABLE), 1989 WL 136978, at *2 (Del. 1989).
[23] 547 A.2d 948 (Del. 1988).
[24] *Id.* at 952.
[25] *Los*, 595 A.2d at 385.

can hear Mr. Williams's case in a fair and impartial manner and will, inherent in his duty to sit, decide all submissions to the Court in accordance with the applicable legal standards. Although this judge presided over the trial and various proceedings that followed, he had no prior knowledge of the issues that have brought this matter before the Court. Since Mr. Williams has failed to identify any facts calling into question this judge's ability to decide this case in a fair and impartial manner, the Court finds that the first part of the *Los* analysis does not require disqualification.

### 2. Objective Analysis

12. Under the second prong of the *Los* test, the Court does not find any objective appearance of bias that would require this judge's disqualification from hearing this case. None of the specific situations listed in Rule 2.11 of the Code of Judicial Conduct that call for a judge's recusal are applicable to this judge. Rule 2.11(A)(4) calls for a judge's recusal where the judge (1) "served as a lawyer in the matter in controversy," (2) "a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter," (3) "the judge or such lawyer has been a material witness concerning" the matter, or (4) "the judge was associated in the practice of law within the preceding year with a law firm or lawyer acting as counsel in the proceeding."[26] None of these scenarios apply. Nor are they any other circumstances supporting an objective appearance of bias.

13. As the Delaware Supreme Court has determined, there are compelling policy reasons for a judge's refusal to disqualify himself or herself without a basis for doing so.[27] If this judge were to disqualify himself in the absence of either genuine or apparent bias, he would impose upon his colleagues an unnecessary

---

[26] Code of Judicial Conduct Canon 2 § 2.11(A)(4).
[27] *Los*, 595 A.2d at 385.

burden.[28]  Moreover, an unwarranted disqualification would encourage litigants to "judge shop," which would hamper the administration of justice.[29] The Court finds that the second part of the *Los* analysis does not require disqualification.

## CONCLUSION

14.    Mr. Williams has not presented any facts supporting his proposition that this judge's impartiality "might reasonably be questioned."[30]   Furthermore, given that he has a duty to sit pursuant to Rule 2.7 of the Code of Judicial Conduct unless disqualified, this judge must preside over this matter.

**WHEREFORE**, for the reasons stated above, Mr. Williams's motion for reargument and his motion to recuse are both **DENIED**.

   **IT IS SO ORDERED.**


   /s/Noel Eason Primos
                Judge


NEP/wjs
*Via Email & U.S. Mail*
oc:    Prothonotary
        Anthony Williams, SCI

---

[28] *See Edelstein v. Goldstein*, 2011 WL 2791270, at *3 (Del. Super. July 13, 2011) ("[T]he decision to recuse is not one that should be made lightly, because to do so is contrary to the Delaware Judges' Code of Judicial Conduct and [leaves the] case as one of [the recused or disqualified judge's] colleague's problems to deal with and unreasonably burdens fellow judges" (footnotes and internal quotations omitted) (alterations in original)).

[29] *Los*, 595 A.2d at 385  ("In the absence of genuine bias, a litigant should not be permitted to "judge shop" through the disqualification process.").

[30] Code of Judicial Conduct Canon 2 § 2.11(A).