# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     v.      )
     )    I.D. No. 2401006405
CHARLES BAIRD,      )
     )
     Defendant.      )

## ORDER

Submitted: May 20, 2024
Decided: May 29, 2024

***Upon Defendant's Motion to Reargue***
**DENIED**

1. This matter is before the Court on a motion to reargue the Court's denial of Defendant's previous motion for relief from restricted dissemination material. For the reasons given below, the motion is **DENIED**.

2. In Delaware, there is no specific criminal rule governing motions for reargument.[1] Superior Court Criminal Rule 57(d) provides for the application of the

---

[1] *See Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) (TABLE) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of [this Court's] findings of fact and conclusions of law."); *accord Whitfield v. State*, 981 A.2d 1174, 2009 WL 3111680, at *1 (Del. Sept. 29, 2009) (TABLE) (characterizing motion to reconsider as motion for reargument).

1

Superior Court Civil Rules when no criminal rule is controlling.[2]  Hence, Superior Court Civil Rule 59(e) applies to Defendant's motion to reargue.[3]

3.  "Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[4]  The disposition of motions under Rule 59(e) is within the discretion of the Court.[5]

4.  To succeed on a motion for reargument pursuant to Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[6]  Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments not previously raised.[7]  Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process for reaching closure on the issues.'"[8]  In order for such a motion to be granted, the movant must show that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[9]

---

[2] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule . . . the court shall regulate its practice in accordance with the applicable Superior Court civil rule. . . .").

[3] *Samuel*, 2010 WL 3245109, at *1 (applying Superior Court Civil Rule 59(e) to a criminal motion for reargument of the Court's Order); *accord Dickens v. State*, 852 A.2d 907, 2004 WL 1535814, at *1 (Del. June 25, 2004) (TABLE).

[4] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).

[5] *Indep. Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).

[6] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[7] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[8] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan 14, 2004)).

[9] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (quoting *Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

5. Here, Defendant has failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice. Neither has Defendant shown that the Court has overlooked a controlling precedent or legal principles or misapprehended the law or facts such as would have changed the outcome of the underlying decision.

6. Defendant alleges in his motion that the Court stated during argument on the motion for relief from restricted dissemination material that defense counsel could provide a copy of the redacted material to Defendant. That representation is simply incorrect. In fact, the Court clearly stated that defense counsel could orally communicate to or show Defendant the redacted material but could not provide copies to Defendant.

7. The Court further notes that Superior Court Criminal Rule 16(c)(2)(B) provides a clear procedure whereby defense counsel may communicate the content of restricted dissemination material to the defendant without disclosing to the defendant the name, date of birth, residential address, telephone number, email address, place of employment, or other identifying information of any witness or victim.

Wherefore, for the foregoing reasons, Defendant's motion to reargue is **DENIED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc: Prothonotary
cc: Counsel of Record

3