**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                  )      Case ID: 9912000027
                Plaintiff,     )
                                  )
     v.                         )
                                  )
DETLEF F. HARTMANN,     )
                                  )
             Defendant.    )

Submitted: April 28, 2025
Decided: April 29, 2025

## ORDER

*Upon Defendant's Motion for Reargument*

**DENIED**

**1.** Before the Court is a "Motion for Reconsideration of Order Dated April 1, 2025" (the "Motion") filed by Defendant Detlef F. Hartmann ("Mr. Hartmann"). Because the Motion requests reconsideration of this Court's order of April 1, 2025, denying a number of motions filed by Mr. Hartmann, the Court will treat the Motion as a motion for reargument.

**2.** The Motion appears to request reargument of this Court's denial of Mr. Hartmann's "Motion for Appointment of Conflict-Free Counsel," and Mr. Hartmann attaches a second "Motion for Appointment of Conflict-Free Counsel," which he is apparently attempting to re-file.

**3.** In Delaware, there is no specific criminal rule governing motions for

reargument.[1] Superior Court Criminal Rule 57(d) provides for the application of the Superior Court Civil Rules when no criminal rule is controlling.[2] Hence, Superior Court Civil Rule 59(e) applies to the Motion.[3]

    **4.** Pursuant to Superior Court Civil Rules 59(e) and 6(a), because the above-referenced order was issued on April 1, 2025, a motion for reargument was required to be filed no later than April 8, 2025.

    **5.** The Motion was received and filed on April 28, 2025. Therefore, the Motion is untimely.

    **6.** Pursuant to Superior Court Civil Rule 6(b), the Court may not extend the time for filing a motion for reargument pursuant to Rule 59(e).

    **7.** In addition, the 3-day service-by-mail extension in Superior Court Civil Rule 6(e) does not apply to extend a filing deadline where a party is required to take an action in response to a Court decision and where the Court decision is received by mail.[4]

    For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion is **DENIED**. Mr. Hartmann will not be permitted to re-file his "Motion for Appointment of Conflict-Free Counsel."

---

[1] *See Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) (TABLE )("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of [this Court's] findings of fact and conclusions of law."); *accord Whitfield v. State*, 981 A.2d 1174, 2009 WL 3111680, at *1 (Del. Sept. 29, 2009) (TABLE) (characterizing motion to reconsider as motion for reargument).

[2] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule…the court shall regulate its practice in accordance with the applicable Superior Court civil rule….").

[3] *Samuel*, 2010 WL 3245109, at *1 (applying Superior Court Civil Rule 59(e) to a criminal motion for reargument of the Court's Order); *accord Dickens v. State*, 852 A.2d 907, 2004 WL 1535814, at *1 (Del. June 25, 2004) (TABLE).

[4] *See Genesis Health Ventures v. Horne*, 2008 WL 2331983, at *1 (Del. Super. May 30, 2008) ("The service-by-mail extension applies only when one party to a case duly commenced in this Court serves papers upon another party as provided in Superior Court Civil Rule 5." (quoting *Davidson v. Hewlett*, 1994 WL 1747809 (Del. Super. July 1, 1994)).

_____

Noel Eason Primos, Judge

NEP:tls

oc:    Prothonotary

cc:    Erik C. Towne, DAG

Detlef F. Hartmann, *Pro Se* (*Via U.S. Mail*) (Address of Record: 246 N. Franklin Street, Wilmington, DE 19805)