# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 2403005415
)
CHRISTIAN CHURCH, )
)
Defendant. )

Submitted: June 2, 2025
Decided: June 11, 2025

## ORDER

### *Upon Defendant's Motion For Reargument*

### DENIED

**1.** Following a jury trial, Christian Church ("Defendant") was convicted of two counts of Assault in the Second Degree. On Defendant's renewed motion, the Court granted a judgment of acquittal for one assault but denied acquittal for the other. Defendant now moves for reargument. For the reasons that follow, Defendant's motion is **DENIED.**

### FACTUAL AND PROCEDURAL BACKGROUND[1]

**2.** The relevant facts are included in this Court's memorandum opinion and order dated May 15, 2025.[2]

**3.** Beginning January 21, 2025, Defendant was tried on the charge of Assault in the First Degree of Kaden Handte ("Handte") and Assault in the Second Degree of Amarion Nutter ("Nutter"). At the close of the State's case-in-chief, Defendant moved for judgment of acquittal on both charges. The Court denied that

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] *See State v. Church*, 2025 WL 1411722, at *2–4 (Del. Super. May 15, 2025).

motion. On January 29, 2025, the jury returned a verdict of guilty on the lesser included offense of Assault in the Second Degree of Handte (the "Handte Conviction") and the charged offense of Assault in the Second Degree of Nutter (the "Nutter Conviction").

4. Defendant timely filed a renewed motion for judgment of acquittal and a motion for a new trial. On May 15, 2025, the Court issued an opinion and order granting Defendant's motion for judgment of acquittal as to the Nutter Conviction, denying it as to the Handte Conviction, and denying his motion for a new trial.[3]

5. On May 22, 2025, Defendant attempted to file a motion for reargument seeking acquittal of the Handte Conviction. That motion was rejected because it exceeded the applicable page limitations. On May 23, 2025, Defendant re-filed the motion along with a motion to exceed page imitations (the latter of which the State did not oppose).[4] The Court approved the motion to exceed page limitations on May 27, 2025.[5] On June 2, 2025, the State filed a response to Defendant's motion for reargument.[6]

## STANDARD OF REVIEW

6. In Delaware, there is no specific criminal rule governing motions for reargument.[7] Superior Court Criminal Rule 57(d) provides for the application of the

---

[3] *See generally id.*

[4] D.I. 41, 42.

[5] D.I. 43. As a technical matter, Defendant's motion for reargument was untimely, as he was required to file the motion no later than May 22, 2025. However, because Defendant attempted to file the motion on that date, the Court will consider it on its merits. *Cf. Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011) ("Delaware has a strong public policy that favors permitting a litigant a right to a day in court.").

[6] D.I. 45.

[7] See *Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) (ORDER) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of [this Court's] findings of fact and conclusions of law."); accord *Whitfield v. State*, 981 A.2d 1174, 2009 WL 3111680, at *1 (Del. Sept. 29, 2009) (ORDER).

Superior Court Civil Rules when no criminal rule is controlling. Thus, Superior Court Civil Rule 59(e) applies to Defendant's motion.[8]

7. "Delaware law places a heavy burden on a party seeking relief pursuant to [Superior Court Civil] Rule 59."[9] "Motions for reargument should not be used to rehash arguments decided by the Court, or to present new arguments not previously raised"[10] because such use "frustrates the efficient use of judicial resources, places the opposing party in an unfair position, and stymies the orderly process for reaching closure on the issues."[11] The Court will grant a motion for reargument only if the movant shows that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12]

## ANALYSIS

8. Defendant makes three core arguments. The first is that the jury's verdict acquitting Defendant of Assault in the First Degree but convicting him of Assault in the Second Degree shows that the jury concluded that Defendant acted recklessly, not intentionally. The second is that this Court inappropriately applied 11 *Del. C.* § 262. The third is that the jury could not reasonably infer the necessary intent for Assault in the First Degree.

9. Defendant's first and third contentions largely rehash the arguments he raised in his first two motions for judgment of acquittal, and to the extent they are not repetitive should have been raised previously. Defendant's second argument,

[8] *Samuel*, 2010 WL 3245109, at *1; *accord Dickens v. State*, 852 A.2d 907, 2004 WL 1535814 (Del. June 25, 2004) (ORDER).

[9] *State v. Baird*, 2024 WL 2764432, at *1 (Del. Super. May 29, 2024) (quoting *Newborn v. Christiana Pediatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)).

[10] *Id.* (citing *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012)).

[11] *Id.* (quoting *Tilghman*, 2012 WL 5551233, at *1) (citation altered).

[12] *Id.* (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

although asserting that this Court's earlier opinion misapprehended the law, claims error that would not have changed the outcome of that decision.

**The jury's verdict is irrelevant to the *mens rea* issue.**

10. Defendant contends that the jury's verdict—convicting him of the lesser included offense of Assault in the Second Degree of Handte but acquitting him of the charged offense of Assault in the First Degree—supported his renewed motion for judgment of acquittal because it reflected the jury's "considered judgment" that Defendant acted recklessly.[13] Defendant is incorrect.

11. The jury's verdict is irrelevant to the question of whether the Court erred in denying Defendant's motion for judgment of acquittal at the close of the State's case-in-chief. First, the jury's verdict had not yet been rendered and was not before the Court; second, on a motion for judgment of acquittal, the question is not what the jury ultimately concluded, but, rather, "whether *any rational trier of fact*, viewing the evidence and all the reasonable inferences to be drawn therefrom in the light most favorable to the State, *could find* the defendant guilty beyond a reasonable doubt of all the elements of the crime;"[14] third, even if the jury's verdict had some bearing on the analysis, the verdict in this case does not necessarily indicate that the jury concluded Defendant acted recklessly.

12. As charged in this case, Assault in the First Degree differs from Assault in the Second Degree in two ways. A person is guilty of Assault in the First Degree when "[t]he person intentionally disfigures another person seriously and permanently, or intentionally destroys, amputates or disables permanently a member

---

[13] D.I. 42, ¶ 13.

[14] *McGuiness v. State*, 312 A.3d 1156, 1187 (Del. 2024) (quoting *Hopkins v. State*, 293 A.3d 145, 150 (Del. 2023)) (emphasis supplied). Taken to its rational conclusion, accepting Defendant's argument would mean that any jury conviction on an unindicted lesser included offense would mandate an acquittal because the jury found the defendant not guilty of the charged offense.

or organ of another person's body[.]"[15] A person is guilty of Assault in the Second Degree when "[t]he person recklessly or intentionally causes serious physical injury to another person."[16] In finding Defendant not guilty of Assault in the First Degree, the jury *may* have concluded that Defendant acted recklessly, or the jury may have concluded that Defendant acted *intentionally* but caused Handte only serious physical injury rather than the more serious harm required for Assault in the First Degree.

**Any error in applying 11 *Del. C.* § 262 was harmless, as 11 *Del. C.* § 306(c)(1) provides an independent basis for the Court's decision.**

13. In denying Handte's renewed motion for judgment of acquittal, this Court held that a reasonable juror could conclude that Defendant intended to permanently disable Handte's jaw, or to permanently and seriously disfigure Handte, because 11 *Del C.* § 306(c)(1) permits jurors to infer that individuals intend the natural and probable consequences of their actions.[17] In the alternative, the Court reasoned that, even if Defendant did not specifically intend permanent disablement or disfigurement, such injuries were not so remote or accidental that Defendant should be absolved of responsibility for them,"[18] citing 11 *Del C.* § 262.[19]

14. Defendant has not cited any authority indicating that this Court misapprehended 11 *Del C.* § 262 as it applies to this case. However, even if Defendant's arguments are correct, this Court's application of § 262 was in the alternative, as noted *supra*. For the reasons stated in this Court's earlier decision

---

[15] 11 *Del. C.* § 613(a)(2).

[16] 11 *Del. C.* § 612(a)(1).

[17] *Church*, 2025 WL 1411722, at *5–7.

[18] *Id.* at *5.

[19] In relevant part, the statute provides that "The element of intentional or knowing causation is not established if the actual result is outside the intention or the contemplation of the defendant unless[] . . . (2) The actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence to have a bearing on the actor's liability or on the gravity of the offense."

and those provided later in this order, 11 *Del. C.* § 306(c)(1) provided an independently sufficient basis for denying Defendant's motion. Therefore, Defendant's motion for reargument is also denied on this ground because any error, even if shown, would have been harmless.

**The Court did not err in holding that the jury could have inferred that Defendant intended to cause permanent disability or permanent and serious disfigurement to Handte.**

15. In criticizing this Court's finding that the State presented evidence of intent sufficient to survive Defendant's renewed motion for judgment of acquittal on the Handte charge, Defendant makes four arguments: (1) the evidence presented showed only that Defendant intended to strike Handte, not that he intended to cause him sufficiently serious harm to satisfy the elements of Assault in the First Degree; (2) even if Handte suffered the requisite injury, such a result does not justify an inference of intent to cause that result; (3) the jury could not find that the injury Handte suffered was the "natural and probable consequence" of striking Handte without expert testimony to that effect; and (4) the evidence presented should have led the jury to conclude that Defendant acted "emotionally or reactively" rather than with a "calculated intent to maim."

16. Defendant's first two contentions are best dealt with together. Defendant argues that the jury heard "no statements, threats, or conduct suggesting that the defendant intended anything beyond a physical blow,"[20] that "[m]ere intent to injure or strike should not equate to intent to permanently disfigure,"[21] and that the "seriousness of the outcome alone cannot be used to infer that the defendant *intended* the specific nature and permanency of that result"[22] in the absence of

---

[20] D.I. 42, ¶ 26.
[21] *Id.*
[22] *Id.* at ¶ 27.

evidence of "purposeful targeting, use of a weapon, or repeated blows."[23] Elsewhere, Defendant complains that this Court's denial of his renewed motion for judgment of acquittal cited his large size as one reason the jury could infer his intent to cause such injury.[24]

17.     The jury was entitled to draw the inference that Defendant intended the natural and probable consequence of his acts pursuant to 11 *Del C.* § 306(c)(1). Defendant's physical size is relevant to the question of whether Handte's injuries were the "natural and probable consequence" of punching Handte as Defendant did. The physical capability of an assailant has a bearing on the foreseeability of harm, and, by connection, the assailant's culpability. If a person who possesses diminished strength strikes someone, that individual's lack of strength would render a jury's conclusion less reasonable that a disabling injury was the "probable" result of that strike. On the other hand, a defendant of greater size and strength is more capable of inflicting such injuries without the aid of a weapon.

18.     This Court's prior decision did not use Defendant's size to eliminate the intent element of Assault in the First Degree. Rather, the Court recognized that the jury could infer that Defendant knew his own strength and that, by bringing his full strength to bear on Handte's jaw, he intended the natural and probable result that Handte's jaw would be severely and permanently injured. Of course, Defendant's size was just one factor for the jury to consider, along with the nature of the strike itself and other surrounding circumstances.

19.     Defendant's argument that the jury could not infer his intent without evidence of "purposeful targeting" and the like is unavailing. The Court has already rejected the proposition that the use of a weapon is a prerequisite for a finding of

---

[23] *Id.* at ¶ 28.
[24] *Id.* at ¶¶ 21–22.

7

such intent,[25] and Defendant cites no legal basis for reconsideration. The single case Defendant cites to support his broader argument, *Carter v. State*,[26] is distinguishable. In *Carter*, the Court concluded that the plastic lacrosse stick wielded by the defendant, under the circumstances in which it was used, was not "readily capable of causing death or serious physical injury."[27] One reason for the Court's decision was that the defendant did not attempt to strike the alleged victim "on the head or some other more vulnerable part of his body."[28] Here, the Court has already held that the jury could reasonably find Handte suffered permanent disability or serious disfigurement,[29] and, citing *Carter*, found that the jury could have inferred Defendant's intent to cause maximal injury in part *because he targeted Handte's head*.[30] Thus, although *Carter* has some bearing on this case, it cuts against Defendant's position.

20. In addition, the jury did not need expert testimony to find that Handte's injuries were the natural and probable consequence of Defendant's punch. Expert testimony on causation is needed when jurors must find facts "requir[ing] an understanding and analysis of issues beyond the ken of the typical jury[.]"[31] This is not such a case. Simply because there is a question of a consequence's probability does not mean that expert testimony is required. In *Bradley v. State*, the Delaware

---

[25] *See Church*, 2025 WL 1411722, at *5 ("As this Court has observed, 'no doubt, serious physical injury has been the resultant harm from fights, altercations, and bodily assaults with or without weapons.'" (quoting *State v. Clark*, 2018 WL 7197607, at *5 (Del. Super. Oct. 1, 2018) (citation altered)).

[26] 933 A.3d 774 (Del. 2007).

[27] *Id.* at 778-79.

[28] *Id.* at 779.

[29] *Church*, 2025 WL 1411722, at *5 n.29.

[30] *Id.* at *6 & n.32.

[31] *Manerchia v. Kirkwood Fitness and Racquetball Clubs, Inc.*, 992 A.2d 1237, 2010 WL 1114927, at *3 (Del. Mar. 25, 2010) (ORDER) (citing *Campbell v. DiSabatino*, 947 A.2d 1116, 1118 (Del. 2008); *Campbell v. Stonebridge Life Ins. Co.*, 966 A.2d 347, 2009 WL 315687 (Del. Feb. 10, 2009) (ORDER)); *Mazda Motor Corp. v. Lindahl*, 706 A.2d 526, 533 & n.30 (Del. 1988)).

8

Supreme Court held that despite a lack of expert testimony that prophylactic HIV treatment was necessary for a police officer after the defendant bit the officer's arm, "[a] rational jury could conclude that such treatment is a natural and probable consequence of [such a] bite."[32]

21.     Finally, Defendant's argument that "the evidence more appropriately supports a conviction [of] . . . Assault in the Second Degree, which includes reckless . . . conduct"[33] misapprehends the Court's role on a motion for judgment of acquittal. As the Court emphasized in its prior decision, on a motion for judgment of acquittal "[t]he Court will grant a defendant's motion *only* when the state presented insufficient evidence to sustain a verdict of guilt,"[34] and "must be careful not to supplant the jury's role as factfinder[.]"[35] Whether the evidence *best* supported a conviction for a lesser included offense is beside the point. "[T]he question on a motion for judgment of acquittal is 'whether *any* rational trier of fact, viewing the evidence and all the reasonable inferences to be drawn therefrom in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime.'"[36] By viewing the evidence in the light most favorable to the State, the Court preserves the jury's role as the weigher of the evidence.[37] To the extent that Defendant raises a question of the weight of the evidence, Defendant's argument misses the mark and asks the Court to encroach on the province of the

---

[32] 193 A.3d 734, 739–40 (Del. 2018); *cf. Winborne v. State*, 455 A.2d 357, 360 (Del. 1982) (evidence was sufficient for jury verdict that Defendant who used gun to strike elderly victim with such force that the gun barrel dented intended to kill him, because the jury could infer that he intended that natural consequence).

[33] D.I. 42, ¶ 37.

[34] *Church*, 2025 WL 1411722, at *4 (quoting *State v. Ford*, 293 A.3d 372, 377 (Del. Super. Apr. 19, 2023), *aff'd*, -- A.3d --, 2025 WL 1257476 (Del. May 1, 2025)) (emphasis and one alteration in original).

[35] *Id.* (citing *State v. Thomas*, 2019 WL 669934, at *3 (Del. Super Feb. 8, 2019)).

[36] *Id.* (quoting *McGuiness*, 312 A.3d at 1187) (emphasis supplied).

[37] *Ford*, 293 A.3d at 377, n.10 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), *reh'g denied*, 444 U.S. 890 (1979)).

jury.[38]  To the extent that Defendant raises a question of the sufficiency of the evidence, the evidence of Defendant's intent was sufficient for all of the reasons stated previously.

## CONCLUSION

**22.**  For the foregoing reasons, Defendant's motion for reargument is **DENIED.**

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls

oc:  Prothonotary

cc:  Counsel of Record

---

[38] *Cerberus Intern. Ltd. v. Appollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002) ("It is not permissible for the trial judge, in either a criminal case or a civil case . . . to weigh the evidence or to resolve conflicts arising from . . . evidence.  That is the job of the trier of fact . . . after hearing *all* the evidence[.]" (internal citations omitted, emphasis in original)); *Edwards v. State*, 285 A.2d 805, 806 (Del. 1971) ("In passing upon a motion for judgment of acquittal . . . '[t]he Court is without power to determine the weight of the evidence or where the preponderance lies.'" (quoting *State v. Biter*, 119 A.2d 894, 898 (Del. Super. 1955))).